NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HYPERTOUCH, INC., a California corporation, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> AZOOGLE.COM, INC., a Delaware corporation, DBA Epic Advertising, Inc.; QUICKEN LOANS, INC., a Michigan corporation; SUBSCRIBERBASE, INC., a South Carolina corporation, DBA Addrive.com, DBA Consumer Research Corporation, Inc., DBA Free Slide, Inc., DBA Subsriberbase Holdings, Inc., <br><br> Defendants - Appellees. | No. 09-15943 <br><br> D.C. No. 3:08-cv-04970-MMC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Maxine M. Chesney, Senior District Judge, Presiding

Argued and Submitted April 13, 2010
San Francisco, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: SCHROEDER and N.R. SMITH, Circuit Judges, and MOODY, District Judge.**

Plaintiff-appellant Hypertouch, Inc. ("Hypertouch") is an internet service provider that filed this action pursuant to California Business and Professions Code § 17529.5(a) against defendants-appellants Azoogle.com, Inc. and Subscriberbase, Inc., commercial e-mail advertisers, and defendant-appellant Quicken Loans, Inc. (collectively "Azoogle"), a company that hired Azoogle.com to transmit its commercial e-mail advertisements.

The complaint alleges that Azoogle has directed over 380,000 misleading e-mail advertisements that have resulted in financial injury to Hypertouch. Hypertouch seeks statutory and actual damages for each of the close to half a million alleged advertisements, but its complaint refers in general terms only to eleven examples.

The district court ruled that Hypertouch had failed to comply with the heightened pleading provisions of Federal Rule of Civil Procedure 9(b) relating to complaints alleging fraud. Hypertouch declined to make any amendment, elected to take a dismissal, and filed this appeal.

---

** The Honorable James Maxwell Moody, Senior United States District Judge for the District of Arkansas, sitting by designation.

We agree with the district court that the causes of action as pled sound in fraud. *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003). Not only does the California statute speak in terms of commercial e-mail advertisements that contain "falsified," "misrepresented," "forged," or misleading information, *see* Cal. Bus. & Prof. Code § 17529.5(a)(2)-(3), terms common to fraud allegations, but Hypertouch's own complaint repeatedly describes the advertisements and their content as "fraudulent." It cannot circumvent the requirements of the Federal Rules of Civil Procedure by arguing that it did not plead all of the allegations sufficiently to set forth a claim of fraud. *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009); *Vess*, 317 F.3d at 1103-04, 1106-07. We express no opinion as to the degree of particularity required for a statutory claim of this nature, but the allegations of this complaint were pled with no degree of particularity.

We also agree with the district court that Hypertouch's claims for liquidated damages under California Business and Professions Code § 17529.5(b)(1)(B)(ii) were subject to California Code of Civil Procedure § 340(a)'s one-year statute of limitations. An award of liquidated damages under § 17529.5(b)(1)(B)(ii) has no relation to the amount of damages actually suffered by the plaintiff or to the defendant's culpability in causing those damages, and liquidated damages may be

3

awarded in addition to actual damages. Such an award is therefore a "penalty" within the meaning of § 340(a). *See Murphy v. Kenneth Cole Prods., Inc.*, 155 P.3d 284, 290 (Cal. 2007).

The judgment of the district court is **AFFIRMED**. Azoogle's request for judicial notice is denied.