**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

WILLIAM RAY KEARNS, on behalf of
himself and all others similarly
situated,
                *Plaintiff-Appellant,*

v.

FORD MOTOR COMPANY;
CLAREMONT FORD,
                *Defendants-Appellees.*

No. 07-55835

D.C. No.
CV-05-05644-AG

OPINION

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Argued and Submitted
October 20, 2008—Pasadena, California

Filed June 8, 2009

Before: Harry Pregerson, Cynthia Holcomb Hall and
N. Randy Smith, Circuit Judges.

Opinion by Judge N.R. Smith

6815

**COUNSEL**

Joseph D. Daly and Elisabeth A. Bowman, Coughlin Sotia Geller Rudman & Robbins LLP, San Diego, California, for the plaintiff-appellant.

Thomas M. Riordan, O'Melveny & Myers LLP, Newport Beach, California, for the defendants-appellees.

**OPINION**

N.R. SMITH, Circuit Judge:

William Kearns's Third Amended Complaint ("TAC") claimed violations of California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750-1784, and California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200-17210. Those state claims are subject to Rule 9(b) of the Federal Rules of Civil Procedure ("Rule 9(b)") which requires that allegations of fraud be pleaded with particularity. *See* Fed. R. Civ. P. 9(b). Because we find that Kearns's claims were all grounded in fraud, his failure to plead the TAC with particularity merited its dismissal, and we must affirm the district court. As the TAC was properly dis-

missed, we need not reach the moot issue of whether the district court abused its discretion by striking the first footnote.

## I. FACTS AND PROCEDURAL HISTORY

Kearns brought this diversity class action for himself and those similarly situated (collectively "Kearns"), claiming that Ford Motor Company and its dealerships (collectively "Ford") acted illegally to increase sales of their Certified Pre-Owned ("CPO") vehicles, in violation of the CLRA and UCL. The district court dismissed Kearns's TAC for failure to plead fraud with particularity as required by Rule 9(b) and granted Ford's request to strike the first footnote of Kearns's TAC.

Ford offers potential buyers three classifications of cars to purchase—new, used, and CPO. CPO vehicles are late model used vehicles, which Ford purports to put through a rigorous inspection process in order to certify that the vehicle's safety, reliability, and road-worthiness surpass non-certified used vehicles. Ford advertises and markets these CPO vehicles to purchasers at a premium (above that charged for ordinary used cars).

Ford Motor Company markets and sells the CPO program to its dealerships as a way of repackaging its used car inventory while increasing their profit margin. Ford Motor Company then charges each dealership (1) an annual fee for the program and (2) a per-vehicle fee for each vehicle in the program. Once enrolled, the dealership is supplied with marketing materials, instructional guides, and access to the CPO database, which allows the dealerships to print standard "Maroney-type" window stickers. In addition, Ford Motor Company pays to promote, market, and advertise the CPO program through a variety of print, broadcast, online, and other media. Local dealerships are responsible for the implementation of the sale and service of CPO vehicles.

Kearns makes several allegations concerning the purported benefits of CPO vehicles. Specifically, Kearns contends that

Ford makes false and misleading statements concerning the safety and reliability of its CPO vehicles. Kearns claims that, by making such false statements, Ford conspires to mislead class members into believing that the CPO program guarantees a safer, more reliable, and more roadworthy used vehicle. Such statements are allegedly made to get purchasers to rely on the notion that CPO vehicles are safer due to the certification process. Ford engages in such conduct to give the buyers of CPOs "peace of mind," which purportedly costs $1,080 dollars, an amount Kearns claims exceeds the benefit of this "peace of mind."

Kearns also alleges that Ford has failed to disclose the very little oversight it has over the certification process. Kearns claims that Ford misrepresents (1) the quality of the complete repair and accident-history report; (2) the level of training of CPO technicians; and (3) the rigorous certification inspection. Such misrepresentations are claimed to provide the consumer with a sense of security that their CPO has passed a rigorous inspection, has an extended warranty, and therefore is more safe, more reliable, and more roadworthy than a regular used vehicle. Kearns argues that the inspection is not rigorous; the warranty does not cover all components; and the CPO vehicles are not any safer, more reliable, or more roadworthy than a regular used vehicle.

Kearns originally filed this suit in California state court. It was removed to federal court for diversity jurisdiction under 28 U.S.C. § 1332(d). Kearns moved to remand under the "local controversy exception" to the Class Action Fairness Act which was denied. Kearns then filed an Amended Complaint which was dismissed (with leave to amend) for failing to state a claim. The district court also dismissed the Second Amended Complaint, finding that it failed to meet the heightened pleading standards of Rule 9(b). Kearns then filed the TAC, which is the operative complaint on appeal.

Ford (1) filed a Motion to Dismiss the TAC for failing to comply with the heightened pleading standards of Rule 9(b) and (2) moved to strike the first footnote of the TAC.[1] The district court granted Ford's Motion to Dismiss the TAC with leave to amend and granted Ford's Motion to Strike. Kearns filed a Notice of Intent Not to File an Amended Complaint, because he believed the TAC met the standards for pleading a cause of action under the CLRA and UCL. Following this filing, the district court dismissed the case. Kearns timely filed his notice of appeal.

## II. MOTION UNDER RULE 9(b)

Kearns argues that his claims should not be subject to Rule 9(b), because (1) California state law precedent is contrary to Rule 9(b); (2) some of his claims are not based in fraud; and (3) the complaint should have been evaluated under the unfairness prong of the UCL instead.[2] We review de novo dis-

---

[1]The footnote stated:

> In *Jahadi v. Ford Motor Co.*, no. GIC811883 (San Diego Super. Ct.), 15 year old Nasrin Jahadi died when the family's Ford Explorer suddenly lost control and rolled over. A Ford authorized CPO dealer sold the family the Ford Explorer as part of the Ford CPO program. At the time, the family was assured that, pursuant to the CPO program, the Ford Explorer was safe and reliable, as it had been rigorously inspected through the Ford CPO program. Upon further investigation, it was revealed that the Ford Explorer had been previously sold to a wholesaler at an auto auction for a discounted price due to "frame damage." The Ford authorized CPO dealer purchased the Ford Explorer from the wholesaler and subsequently sold it to the Jahadi family under the Ford CPO program. The Ford CPO program and inspection, however, failed to spot the frame damage that ultimately caused the death of young Nasrin Jahadi. Subsequent investigation into the CPO program led to the filing of this class action suit.

[2]Kearns also argues that the United States Supreme Court has admonished attempts to augment pleading requirements. However, the cases he cites involved claims not based on averments of fraud or mistake. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002). Thus, those cases are not inconsistent with our holding here regarding claims where fraud is averred.

missals under Rule 9(b). *Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1102 (9th Cir. 2003). Thus, the panel must consider the matter anew, as if no decision previously had been rendered. *See Ness v. Comm'r*, 954 F.2d 1495, 1497 (9th Cir. 1992) (citing *United States v. Silverman*, 861 F.2d 571, 576 (9th Cir. 1988)).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a party's pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, Rule 9(b) requires that, when fraud is alleged, "a party must state with particularity the circumstances constituting fraud . . . ." Fed. R. Civ. P. 9(b). Where fraud is not an essential element of a claim, only those allegations of a complaint which aver fraud are subject to Rule 9(b)'s heightened pleading standard. *Vess*, 317 F.3d at 1105. Any averments which do not meet that standard should be "disregarded," or "stripped" from the claim for failure to satisfy Rule 9(b). *Id.* To the extent a party does not aver fraud, the party's allegations need only satisfy the requirements of Rule 8(a)(2). *Id.* "Fraud can be averred by specifically alleging fraud, or by alleging facts that necessarily constitute fraud (even if the word 'fraud' is not used)." *Id.*

Rule 9(b) demands that the circumstances constituting the alleged fraud "be 'specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.' " *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (quoting *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993)). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess*, 317 F.3d at 1106 (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)). A party alleging fraud must "set forth *more* than the neutral facts necessary to identify the transaction." *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994), *superceded by statute on other grounds*.

Rule 9(b) serves three purposes: (1) to provide defendants with adequate notice to allow them to defend the charge and deter plaintiffs from the filing of complaints "as a pretext for the discovery of unknown wrongs"; (2) to protect those whose reputation would be harmed as a result of being subject to fraud charges; and (3) to "prohibit [ ] plaintiff[s] from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 (9th Cir. 1996) (quoting *Semegen v. Weidner*, 780 F.3d 727, 731 (9th Cir. 1985)) (internal quotations omitted, brackets in original).

## A.

Kearns's first argument—that Rule 9(b) does not apply to California's consumer protection statutes because California courts have not applied Rule 9(b) to the Consumer Protection Statutes, which include the CLRA and UCL—is unavailing. It is well-settled that the Federal Rules of Civil Procedure apply in federal court, "irrespective of the source of the subject matter jurisdiction, and irrespective of whether the substantive law at issue is state or federal." *See Vess*, 317 F.3d at 1102 (citing *Hanna v. Plumer*, 380 U.S. 460 (1965)). " '[W]hile a federal court will examine state law to determine whether the elements of fraud have been pled sufficiently to state a cause of action, the Rule 9(b) requirement that the circumstances of the fraud must be stated with particularity is a federally imposed rule.' " *Vess*, 317 F.3d at 1103 (quoting *Hayduk v. Lanna*, 775 F.3d 441, 443 (1st Cir. 1985) (emphasis omitted, brackets in original)).

The CLRA prohibits "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale . . . of goods or services to any consumer." Cal. Civ. Code § 1770. The UCL prohibits "unlawful, unfair or fraudulent business act[s] or practice[s]" and "unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200.

Rule 9(b)'s particularity requirement applies to these state-law causes of action. *Vess*, 317 F.3d at 1102-05. In fact, we have specifically ruled that Rule 9(b)'s heightened pleading standards apply to claims for violations of the CLRA and UCL. *Id.*

**B.**

Kearns next argues that some of his claims are not grounded in fraud, and so should not be subject to Rule 9(b). This argument is also unavailing.

While fraud is not a necessary element of a claim under the CLRA and UCL, a plaintiff may nonetheless allege that the defendant engaged in fraudulent conduct. *Id.* at 1103. A plaintiff may allege a unified course of fraudulent conduct and rely entirely on that course of conduct as the basis of that claim. In that event, the claim is said to be 'grounded in fraud' or to 'sound in fraud,' and the pleading . . . as a whole must satisfy the particularity requirement of Rule 9(b). *Id.* at 1103-04.

Reviewing the complaint, Kearns alleges that Ford engaged in a fraudulent course of conduct. Kearns's TAC alleges that Ford Motor Company conspires with its dealerships to misrepresent the benefits of its CPO program to sell more cars and increase revenue. Kearns alleges that Ford's marketing materials and representations led him to believe that CPO vehicles were inspected by specially trained technicians and that the CPO inspections were more rigorous and therefore more safe. Kearns alleges he was exposed to these representations through (1) Ford's televised national marketing campaign; (2) sales materials found at the dealership where he bought his vehicle; and (3) sales personnel working at the dealership where he bought his vehicle. In reliance on these representations, Kearns claims he purchased a CPO vehicle. Therefore he alleges that Ford engaged in a fraudulent course of conduct.

However, Kearns fails to allege in any of his complaints the particular circumstances surrounding such representations. Nowhere in the TAC does Kearns specify what the television advertisements or other sales material specifically stated. Nor did Kearns specify when he was exposed to them or which ones he found material. Kearns also failed to specify which sales material he relied upon in making his decision to buy a CPO vehicle. Kearns does allege that he was specifically told "CPO vehicles were the best used vehicles available as they were individually hand-picked and rigorously inspected used vehicles with a Ford-backed extended warranty." Kearns does not, however, specify who made this statement or when this statement was made. Kearns failed to articulate the who, what, when, where, and how of the misconduct alleged. The pleading of these neutral facts fails to give Ford the opportunity to respond to the alleged misconduct. Accordingly, these pleadings do not satisfy the requirement of Rule 9(b) that "a party must state with particularity the circumstances constituting fraud . . . ." Because Kearns failed to plead his averments of fraud with particularity, we affirm the district court's dismissal of his TAC.

Kearns counters that his entire TAC was not grounded in fraud because all of his allegations were not averments in fraud. For example, Kearns contends that his claims against Ford for their failure to disclose information pertinent to consumers are not based in fraud. Kearns argues that his nondisclosure claims are similar to those found not to be grounded in fraud in *Vess v. Ciba-Geigy*. We disagree.

To determine if the elements of fraud have been pleaded to state a cause of action we look to state law. *Vess*, 317 F.3d at 1105-06. The elements of a cause of action for fraud in California are: "(a) misrepresentation (false representation, concealment, or *nondisclosure*); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Engalla v. Per-*

*manente Med. Group, Inc.*, 15 Cal. 4th 951, 974 (Cal. 1997) (emphasis added) (internal quotation marks omitted).

The court in *Vess* held that "where fraud is not an essential element of a claim, only allegations ('averments') of fraudulent conduct must satisfy the heightened pleading requirements of Rule 9(b)." *Vess*, 317 F.3d at 1105. Applying this rule, the court found that, "[b]ecause Vess's allegations . . . do not rely entirely on a unified fraudulent course of conduct, his claims . . . are not 'grounded in fraud' " as a whole. *Id.* at 1106. The court found that some of Vess's claims were "not based on fraud . . . neither mention[ing] the word 'fraud,' nor alleg[ing] facts that would necessarily constitute fraud." *Id.* at 1105-06. The claims of failure to disclose in *Vess* were held to "describe non-fraudulent conduct." *Id.* at 1106.

However, in Vess, this court derived its elements of fraudulent misrepresentation from the California Court of Appeals case, *Hackethal v. National Casuality Co.*, 234 Cal. Rptr. 853, 857 (Ct. App. 1987). *Id.* at 1105 (stating the elements as "false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages"). These elements, however, have been changed by the Supreme Court of California to include nondisclosure. *See Engalla*, 15 Cal. 4th at 974. Because the Supreme Court of California has held that nondisclosure is a claim for misrepresentation in a cause of action for fraud, it (as any other fraud claim) must be pleaded with particularity under Rule 9(b). Therefore, Kearns's contention that his nondisclosure claims need not be pleaded with particularity is unavailing. Kearns's claims of nondisclosure were couched in general pleadings alleging Ford's intent to conceal from customers that CPO vehicles were essentially the same as ordinary used vehicles. Such general pleadings do not satisfy the heightened pleading requirements of Rule 9(b). Therefore, we hold that Kearns's nondisclosure claims are claims of fraud and were properly dismissed for not being sufficiently pleaded.

## C.

Finally, Kearns contends that the district court erred by failing to specifically evaluate his complaint under the unfairness prong of the UCL. Specifically, Kearns contends that a determination of whether a business practice violates the unfairness prong is fact intensive and not conducive to resolution on a motion to dismiss. We disagree.

The UCL prohibits unfair competition, which it broadly defines as including "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. Each prong of the UCL is a separate and distinct theory of liability; thus, the "unfair" practices prong offers an independent basis for relief. *South Bay Chevrolet v. General Motors Acceptance Corp.*, 85 Cal. Rptr. 2d 301, 316 (Ct. App. 1999).

We held in *Vess* that if "the claim is said to be 'grounded in fraud' . . . the pleading of that claim as a *whole* must satisfy the particularity requirement of Rule 9(b)." *Id.* at 1103-04 (emphasis added). Kearns's TAC alleges a unified course of fraudulent conduct, namely that Ford Motor Company and its "co-conspirator" dealerships knowingly misrepresent to the public that CPO vehicles are safer and more reliable, with an intent to induce reliance and defraud consumers. Because Kearns's TAC alleges a unified fraudulent course of conduct, his claims against Ford are grounded in fraud. His entire complaint must therefore be pleaded with particularity. Thus, the TAC was properly dismissed and no error was committed by not separately analyzing his claims under the unfairness prong of the UCL.

## III. MOTION TO STRIKE

Kearns also contends that the district court abused its discretion when it struck the first footnote in the complaint, because it "la[id] an important piece of the foundation for the

current action against defendants by providing necessary background information." "A claim is moot if it has lost its character as a present, live controversy." *United States v. Geophysical Corp. of Alaska*, 732 F.2d 693, 698 (9th Cir. 1984); *see also Ruvalcaba v. City of L.A.*, 167 F.3d 514, 521 (9th Cir. 1999) ("If there is no longer a possibility that an appellant can obtain relief for his claim, the claim is moot and must be dismissed for lack of jurisdiction."). Because Kearns's whole TAC was properly dismissed, the issue of whether this footnote was properly struck is moot. Therefore, we need not reach it.

## IV.   CONCLUSION

The requirement in Rule 9(b) of the Federal Rules of Civil Procedure that allegations of fraud be pleaded with particularity applies to claims which are made in federal court under the CLRA and UCL. We hold that Kearns's entire TAC was grounded in fraud. Thus, under Rule 9(b), Kearns's failure to plead his claims with particularity merited that complaint's dismissal. We therefore must affirm the district court. As the TAC was properly dismissed, we need not reach the moot issue of whether the district court abused its discretion by striking the first footnote.

**AFFIRMED.**