**FEDERAL TRADE COMMISSION,**
Plaintiff,

v.

**LIGHTS OF AMERICA, INC.,**
**et al, Defendants.**

Case No. SACV 10–1333 JVS (MLGx).

United States District Court,
C.D. California.

Dec. 17, 2010.

Gregory J. Madden, Robin Rosen Spector, Federal Trade Commission, Washington, DC, Stacy Rene Procter, Federal Trade Commission, Los Angeles, CA, for Plaintiff.

Michael L. Mallow, Loeb & Loeb LLP, Los Angeles, CA, Michael A. Thurman, Loeb & Loeb LLP, Los Angeles, CA, Atul Kumar, Irvine, CA, for Defendants.

ORDER RE MOTION TO DISMISS

JAMES V. SELNA, District Judge.

Defendants Usman Vakil and Farooq Vakil (collectively, "the Vakils") move to dismiss the Complaint of Plaintiff Federal Trade Commission ("the FTC") pursuant to Rules 9(b) and 8(a) of the Federal Rules of Civil Procedure. The FTC opposes this motion. For the following reasons, the Court GRANTS the motion.

## I. *Background*

The Vakils are the sole shareholders of Defendant Lights of America, Inc. ("LOA"). Usman is the President and has a fifty-one percent ownership interest in LOA. (Compl. ¶ 7.) Farooq is the Vice President and has a forty-nine percent ownership interest in LOA. (*Id.* ¶ 8.) The FTC contends that, at all times relevant to this action, the Vakils "formulated, directed, controlled, had authority to control, or participated in" the allegedly deceptive acts. (*Id.* ¶¶ 7–8.)

The FTC has filed this action against LOA and the Vakils (collectively, "Defendants") alleging violations of sections 5(a)(1) and 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a)(1) and 53(b). (Compl. ¶ 1.) The FTC Act prohibits "unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce." 15 U.S.C. § 45(a)(1). The FTC asserts that Defendants violated this Act by distributing promotional materials claiming that their Light Emitting Diode ("LED") lamps possessed particular watt equivalency, lumen output, and life spans, despite the fact that these representations were "false or were not substantiated." (*See* Compl. ¶¶ 10–14, 17, 19, 21.)

## II. *Legal Standards*

Under Rule 12(b)(6),[1] a defendant may move to dismiss for failure to state a claim upon which relief can be granted. A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* —— U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

In resolving a 12(b)(6) motion under *Twombly,* the Court must follow a two-pronged approach. First, the Court must accept all well-pleaded factual allegations as true, but "[t]hread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Nor must the Court "accept as true a legal conclusion couched as a factual allegation." *Id.* at 1949–50 (quoting *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955). Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950. This determination is context-specific, requiring the Court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id.*

Under Rule 9(b), a plaintiff must plead each of the elements of a fraud claim with particularity, *i.e.,* a plaintiff "must set forth *more* than the neutral facts necessary to identify the transaction." *Cooper v. Pickett,* 137 F.3d 616, 625 (9th Cir.1997)

---

**1.** For the purpose of this Order, Rules refer to the Federal Rules of Civil Procedure.

(italics in original). In other words, fraud claims must be accompanied by the "who, what, when, where, and how" of the fraudulent conduct charged. *Vess v. Ciba–Geigy Corp., USA,* 317 F.3d 1097, 1106 (9th Cir.2003). A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations. *Moore v. Kayport Package Express, Inc.,* 885 F.2d 531, 540 (9th Cir. 1989). While statements of the time, place, and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud are insufficient. *Id.*

## III. *Discussion*

The FTC Act prohibits "unfair or deceptive acts or practices in or affecting commerce." 15 U.S.C. § 45(a)(1). In resolving the FTC's motion to dismiss, the central issue is whether the FTC's claim that the Vakils engaged in "unfair or deceptive acts or practices" in violation of this act are subject to the heightened pleading standard of Rule 9(b). This issue appears to be one of first impression in this Circuit.

### A. *Issue of First Impression in the Ninth Circuit*

The FTC contends that other courts have already disposed of this issue. For example, the FTC asserts that the Tenth Circuit, "the only circuit court to opine on ... Rule 9(b)'s applicability to a Section 5(a) action[,] concluded that Rule 9(b) does not apply." (Opp'n Br. 7.) However, the Tenth Circuit decision cited by the FTC did not involve an appeal of a district court's decision to grant a motion to dismiss under Rule 9(b); rather, the decision involved an appeal of a district court's decision to award attorney fees against the FTC for maintaining a case "maliciously and without probable cause." *FTC v.*

*Freecom Commc'ns, Inc.,* 401 F.3d 1192, 1200 (10th Cir.2005). The Tenth Circuit held that, because the FTC's claim was not "entirely without color," the district court abused its discretion in awarding attorney fees. *Id.* at 1208. The court's comments regarding the inapplicability of Rule 9(b) to the FTC's allegations in that case were purely dicta. *See id.* at 1204 n. 7.

The FTC also cites four district court cases declining to apply Rule 9(b) to claims of violation of the FTC Act. (Opp'n Br. 8.) However, the Court is not persuaded by the reasoning of these cases. In *FTC v. Medical Billers Network,* the court expressed doubt as to the applicability of Rule 9(b) to claims for violation of the FTC Act. 543 F.Supp.2d 283, 314 (S.D.N.Y.2008). However, this decision relied on *FTC v. Communidyne,* an unpublished decision from the Northern District of Illinois that, contrary to well-established Ninth Circuit law, assumed that claims must include all of the elements of a claim for fraud or mistake in order to trigger Rule 9(b). No. 93 C 6043, 1993 WL 558754, at *2 (N.D.Ill. Dec. 3, 1993). Moreover, the Court in *Medical Billers* explicitly declined to decide whether Rule 9(b) applied to the FTC's claim because the defendants raised the argument for the first time in their reply brief. 543 F.Supp.2d at 314. Similarly, the other cases cited by the FTC summarily rejected the application of Rule 9(b) to a claim for violation of the FTC Act in reliance on either *Freecom* or *Communidyne,* which, for the reasons stated above, are not compelling authorities on this issue. *See FTC v. Nat'l Testing Servs., LLC,* No. 3:05–0613, 2005 WL 2000634, at *2 (M.D.Tenn. Aug. 18, 2005); *FTC v. Innovative Mktg.,* 654 F.Supp.2d 378, 388 (D.Md.2009); *FTC v. Skybiz.com, Inc.,* No. 01–CV–396–K(E), 2001 WL 1673649, at *11 (N.D.Okla. Aug. 2, 2001). Thus, the decisions cited by the FTC as having already resolved this issue

base their conclusion entirely on the assumption that a cause of action must include all of the elements of a claim for fraud in order to trigger Rule 9(b). As discussed in more detail below, this assumption contravenes well-established Ninth Circuit law providing that, even where a claim does not include all of the elements of a claim for fraud, it is subject to the heightened pleading requirements of Rule 9(b) if it "sound[s] in fraud." *See Vess*, 317 F.3d at 1103–04.

Finally, the FTC points out that another court in this district recently denied a defendant's motion to dismiss a similar complaint for violation of the FTC Act. (Opp'n Br. 4); *FTC v. Commerce Planet, Inc.*, Case No. SACV 09–1324 CJC (RNBx) (C.D.Cal. Feb. 12, 2010). However, the defendant in that case moved to dismiss on the ground that the FTC had failed to meet the general pleading requirements of Rule 8(a). The Court did not address whether Rule 9(b) applied.

On the other hand, the Vakils argue that at least one court in the Ninth Circuit has endorsed their argument that Rule 9(b) applies to claims for violation of the FTC Act. In *FTC v. Swish Marketing*, the Northern District of California extensively analyzed the applicability of Rule 9(b) to claims for violations of section 5 of the FTC Act and concluded that it "is a real prospect" that such claims are subject to the heightened pleading requirements of Rule 9(b). No. C 09–03814 RS, 2010 WL 653486, at *4 (N.D.Cal. Feb. 22, 2010). However, the court explicitly declined to decide the motion under Rule 9(b) and, instead, granted the defendant's motion to dismiss on the ground that the complaint failed to meet the general pleading standard of Rule 8(a)(2). *Id.* at *11.

Thus, the parties have not cited and the Court has not found any case within this Circuit that has decided whether claims for violation of the FTC Act are subject to the heightened pleading standard of Rule 9(b). Similarly, the Court is unaware of any cases in any jurisdiction directly addressing whether claims for violation of the FTC Act "sound in fraud."

**B.** *Applicability of Rule 9(b)*

■ "Rule 9(b) applies when (1) a complaint specifically alleges fraud as an essential element of a claim, (2) when the claim 'sounds in fraud' by alleging that the defendant engaged in fraudulent conduct ... and (3) to any allegations of fraudulent conduct, even when none of the claims in the complaint 'sound in fraud.'" *Davis v. Chase Bank U.S.A., N.A.*, 650 F.Supp.2d 1073, 1089–90 (C.D.Cal.2009) (citing *Vess*, 317 F.3d at 1102–06). The Vakils do not argue that the FTC's Complaint specifically alleges fraud as an essential element of its claim or that the Complaint makes allegations of fraudulent conduct. Rather, they argue that the claim for violation of the FTC Act "sounds in fraud" and, therefore, is subject to the heightened pleading requirement of Rule 9(b). (*See* Mot. Br. 6–11.)

■ A claim "sound[s] in fraud" where the plaintiff "allege[s] a unified course of fraudulent conduct and rel[ies] entirely on that course of conduct as the basis of [the] claim. In that event, ... the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b)." *Vess*, 317 F.3d at 1104–05. The FTC has alleged that the Vakils distributed promotional materials that made specific representations about the watt equivalency, lumen output, and life spans of their LED lamps, that these representations were "false or not substantiated," [2]

**2.** As examples of the Defendants' false or un-

substantiated representations, the FTC alleges

and that the Vakils "knew or should have known" that their conduct was unfair or deceptive. (Compl. ¶¶ 7–8, 11, 16–21.) The gravamen of these allegations is that the Vakils engaged in a unified course of fraudulent conduct.[3] The FTC's omission of the "magic word"—fraud—from its Complaint does not detract from the apparently fraudulent nature of the allegations. *See Vess*, 317 F.3d at 1108. Additionally, the FTC's only claim against the Vakils is for violation of the FTC Act, so its claim relies entirely on the course of conduct alleged in the Complaint. Therefore, the Court finds that the FTC's claim sounds in fraud because it alleges a unified course of fraudulent conduct and relies entirely on that course of conduct as the basis of its claim.[4]

 In reaching this conclusion, the Court finds the similarity between claims for violation of the FTC Act and claims for negligent misrepresentation particularly persuasive. "It is well-established in the Ninth Circuit that ... claims for ... negligent misrepresentation must meet Rule 9(b)'s particularity requirements." *Neilson v. Union Bank of California*, 290 F.Supp.2d 1101, 1141 (C.D.Cal.2003) (citations omitted). To state a cause of action for negligent misrepresentation, a plaintiff must allege (a) misrepresentation (*i.e.*, false representation, concealment, or nondisclosure), (b) intent to induce reliance, (c) justifiable reliance, and (d) resulting damage. *See id.* at 1140–41. Similarly, to state a cause of action against an individual for violation of the FTC Act, the FTC must allege (a) misrepresentations or omissions (b) of material fact (c) of a kind usually relied upon by reasonably prudent persons, (d) that consumer injury resulted, and (e) that the individual participated directly in the acts or had the authority to control them. *Swish Mktg.*, 2010 WL 653486, at *3. While the elements of causes of action for violation of the FTC Act and negligent misrepresentation are not identical, they are analogous. Likewise, the particular allegations supporting the FTC's claim against the Vakils mirror the type of allegations required to prove a cause of action for negligent misrepresen-

that "[i]n numerous instances ... Defendants represented that one of their LED recessed lamps produces 90 lumens of light, but their own tests demonstrated that this LED lamp produces only 43 lumens" and "that one of their LED recessed lamps will last 30,000 hours, but, in independent testing, this particular LED lamp lost 80% of its light output after only 1,000 hours." (Compl. ¶¶ 13, 14.)

3. The Court notes that the FTC's request for rescission and restitution pursuant to section 13(b) of the FTC Act (Compl. ¶ 1) further supports this finding because the FTC can only obtain such relief if it shows that the Vakils had knowledge that LOA or one of its agents engaged in "dishonest or fraudulent conduct." *Swish Mktg.*, 2010 WL 653486, at *3; *FTC v. Int'l Diamond Corp.*, No. C–82–0878 WAI (JSB), 1983 WL 1911, at *1 (N.D.Cal. Nov. 8, 1983).

4. The FTC argues that its allegations that the representations were "false or not substantiated" are not allegations that the Vakils en-

gaged in fraudulent conduct. (Opp'n Br. 9.) However, "the distinction, for Rule 9(b) purposes, between a fraudulent claim and a false one [is] 'hairsplitting.'" *Swish Mktg.*, 2010 WL 653486, at *3, citing *United States of America ex rel. Totten v. Bombardier Corp.*, 286 F.3d 542, 551–52 (D.C.Cir.2002.) Similarly, where, as in this case, the Vakils had an obligation to represent true, verified facts to consumers, making unsubstantiated representations equates to negligent misrepresentation. As explained below, claims for negligent misrepresentation trigger Rule 9(b). Thus, alleging that the representations were merely "false or not substantiated" rather than fraudulent does not allow the FTC to evade the pleading requirements of Rule 9(b). In the context of the entire Complaint, the facts pled by the FTC comprise allegations that the Vakils engaged in a course of fraudulent conduct.

tation. The Complaint specifically alleges misrepresentation and resulting damage. (Compl. ¶¶ 17, 19, 21, 22.) Although the Complaint does not specifically allege intent to induce reliance and justifiable reliance, it follows from the facts alleged that the Vakils intended to induce reliance and consumers justifiably relied on the misrepresentations.[5] Thus, the allegations underlying the FTC's claim for violation of the FTC Act are analogous to allegations underlying claims for negligent misrepresentation. Accordingly, the Court finds that Rule 9(b) applies to claims for violation of the FTC Act, just as 9(b) applies to claims for negligent misrepresentation.

■ Even more instructive is the Ninth Circuit's analysis of claims under California's consumer protection statutes. Contrary to the FTC's position, a claim does not need to include all of the elements of a claim for fraud or negligent misrepresentation in order for it to trigger the heightened pleading standard of Rule 9(b). (*See* Opp'n Br. 8–9.) The Ninth Circuit has "specifically ruled that Rule 9(b)'s heightened pleading standards apply to claims for violations of" California's Consumers Legal Remedies Act ("CLRA") and Unfair Competition Law ("UCL") even though "fraud is not a necessary element of a claim under the CLRA and UCL." *Kearns v. Ford Motor Co.*, 567 F.3d

1120, 1125 (9th Cir.2009). The CLRA prohibits "unfair methods of competition and *unfair or deceptive acts or practices* undertaken by any person in a transaction intended to result or which results in the sale ... of goods or services to any consumer." Cal. Civ.Code § 1770 (emphasis added). The UCL prohibits "any unlawful, unfair or fraudulent business act or practice and *unfair, deceptive, untrue or misleading advertising.*" Cal. Bus. & Prof.Code § 17200 (emphasis added). As with claims of negligent misrepresentation, claims for violation of the FTC Act are analogous to, if not entirely congruent with, claims for violation of California's CLRA and UCL even though "fraud is not a necessary element" of any of these claims. *Kearns*, 567 F.3d at 1125. Accordingly, the Court concludes that the pleading requirements of Rule 9(b) apply to the FTC's claim against the Vakils.[6]

■ The FTC has not argued that its Complaint meets the pleading requirements of Rule 9(b). Indeed, the Complaint fails to allege the "who, what, when, where, and how" of the Defendants' course of conduct. The allegations do not differentiate between conduct committed by LOA, Usman Vakil, and Farooq Vakil, nor do they explain when or where the alleged misrepresentations were made. Thus, the Court finds that the Complaint fails to

---

**5.** As the owners of LOA, the Vakils undoubtedly disseminated the promotional materials containing the alleged misrepresentations about their company's LED lamps in order to induce consumers to purchase the lamps. Similarly, because the Complaint alleges that consumers suffered substantial injury as a result of the alleged misrepresentations, it follows that consumers relied on these representations. (Compl. ¶ 22.) As the FTC Act has given "the consumer the right to rely upon representations of facts as the truth," such reliance would be justifiable. *See FTC v. Sterling Drug. Inc.*, 317 F.2d 669, 674 (2nd Cir. 1963). Thus, it follows from the Complaint that the Vakils intended to induce reliance

and consumers justifiably relied on their alleged misrepresentations.

**6.** The Court notes that its conclusion that Rule 9(b) applies to the FTC's claim should not unduly hinder the FTC's enforcement of the FTC Act. "In light of the [FTC's] broad investigatory power and its ability to obtain discovery prior to the commencement of this litigation," it should not be unreasonably burdensome for the FTC to plead facts that satisfy the heightened pleading requirements of Rule 9(b). *See Swish Mktg.*, 2010 WL 653486 at *6.

meet the particularity requirements of Rule 9(b). Accordingly, the Court need not address whether the Complaint meets the general pleading requirements of Rule 8(a).

IV. *Conclusion*

For the foregoing reasons, the Court GRANTS the motion without prejudice. The FTC is granted leave to replead by February 4, 2010 in accordance with the federal pleading standards discussed above.

IT IS SO ORDERED.