**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 20 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| MEBO INTERNATIONAL, INC., a California corporation, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> SHINYA YAMANAKA, an individual, <br><br> Defendant - Appellee. | No. 14-15359 <br><br> D.C. No. 4:13-cv-03240-YGR <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Submitted July 9, 2015[**]
San Francisco, California

Before: TALLMAN, M. SMITH, and MURGUIA, Circuit Judges.

Dr. Rongxiang Xu and the company he founded and owned, Mebo

International, Inc. ("Mebo"), sued Dr. Shinya Yamanaka ("Dr. Yamanaka") for

allegedly misusing terms and acronyms in Dr. Yamanaka's published scientific

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

articles—for which Dr. Yamanaka was awarded the 2012 Nobel Prize for Medicine or Physiology—in a manner likely to deceive the public. Plaintiffs allege that this has negatively impacted Dr. Xu's ability to obtain research grants since both doctors worked in the field of stem cell research. The district court granted Dr. Yamanaka's anti-SLAPP motion and struck the plaintiffs' complaint for violations of California's unfair competition law ("UCL"), Cal. Bus. & Prof. Code § 17200. After Dr. Xu's recent death, only Mebo pursues this appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. Mebo argues on appeal that we should overturn fifteen years of circuit precedent and hold that federal courts cannot apply state anti-SLAPP motions under *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938), and its progeny. We decline to do so. *See United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 970-73 (9th Cir. 1999); *see also Price v. Stossel*, 620 F.3d 992, 999 (9th Cir. 2010) ("We have repeatedly held that California's anti-SLAPP statute can be invoked by defendants who are in federal court on the basis of diversity jurisdiction.").

2. On the merits, the district court properly granted Dr. Yamanaka's anti-SLAPP motion applying the two-prong test. *See Navellier v. Sletten*, 29 Cal. 4th 82, 88 (2002). First, California's anti-SLAPP statute specifically provides that

academic works—such as Dr. Yamanaka's published statements in a scientific journal—are protected activity. Cal. Civ. Proc. Code § 425.17(d)(1). Thus, Dr. Yamanaka's statements do not constitute unprotected commercial speech. *Id.* Second, Mebo has not shown a probability of prevailing on its UCL claims. *See id.* § 425.16(b)(1). It cannot establish a legally and factually sufficient *prima facie* UCL claim because Mebo cannot establish statutory standing, Cal. Bus. & Prof. Code § 17204, which requires economic injury caused by the unfair business practice, *see Kwikset Corp. v. Super. Ct. (Benson)*, 51 Cal. 4th 310, 322 (2011). Mebo also has not pleaded sufficient facts to survive Federal Rule of Civil Procedure 9(b)'s particularity requirement. *See Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1106-08, 1110 (9th Cir. 2003); *see also Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1122 (9th Cir. 2009) (holding that California's UCL claims are subject to Rule 9(b) pleading standards).

3. Because the district court's grant of Dr. Yamanaka's anti-SLAPP motion disposed of the entire case, the court did not err in declining to rule on Dr. Yamanaka's Rule 12(b)(6) motion to dismiss. Additionally, Dr. Yamanaka is entitled to attorneys' fees as mandated by the anti-SLAPP statute. *See* Cal. Civ. Proc. Code § 425.16(c)(1).

**AFFIRMED.** Costs shall be awarded to Appellee Dr. Yamanaka.