**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARY LOU VEGA; et al., | No. 15-55885 |
| Plaintiffs-Appellants, | D.C. No. 2:14-cv-04408-ODW-PLA |
| v. | |
| OCWEN FINANCIAL CORPORATION, a Florida corporation; and OCWEN LOAN SERVICING, LLC, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, II, District Judge, Presiding

Argued and Submitted February 7, 2017
Pasadena, California

Before: GRABER, BYBEE, and CHRISTEN, Circuit Judges.

Plaintiffs Mary Lou Vega, Tara Inden, and Regina Saffold-Sanders appeal

the dismissal for failure to state a claim of their putative class action alleging RICO

violations, RICO conspiracy, fraud, violations of California's Unfair Competition

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Law, violations of California's Rosenthal Fair Debt Collection Practices Act, and unjust enrichment. We have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo, and viewing the complaint in the light most favorable to the nonmoving party, *Odom v. Microsoft Corp.*, 486 F.3d 541, 545 (9th Cir. 2007) (en banc), we affirm.

1. In the event of default, the plaintiffs' mortgage contracts authorize their lenders to charge the plaintiffs for property inspections that are "reasonable or appropriate" to protect the lenders' interest in the properties. Plaintiffs allege that the defendants conspired with Altisource to order, conduct, and fraudulently assess their mortgage accounts for unreasonable property inspections, conducted for the purpose of maximizing profits and not to protect the lenders' interest in the properties. The district court ruled that whether the property inspections and associated fees were "reasonable or appropriate" to protect the lenders' interest is "a breach of contract claim and nothing more." The court emphasized that it would "not allow Plaintiffs to spin a breach of contact action into a fraud case." We do not agree with the district court's conclusion that the plaintiffs could bring only a breach-of-contract claim, but we do affirm the district court's dismissal of plaintiffs' First Amended Complaint because they failed to adequately plead a fraudulent scheme, as required by Federal Rule of Civil Procedure 9(b).

2

2.  Rule 9(b)'s requirement that fraud must be pleaded with particularity applies to the plaintiffs' federal RICO claims and their state-law claims because all of them allege fraudulent conduct.  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009); *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065–66 (9th Cir. 2004).  Plaintiffs contend that the property inspections were not conducted for the purpose of protecting the lenders' interest because (1) the defendants automatically ordered property inspections on a monthly basis once borrowers fell into default, without determining whether individual inspections were "reasonable or appropriate"; (2) the defendants did not have a policy or procedure in place to review the resulting property-inspection reports; and (3) the inspections were not always conducted at thirty-day intervals.  These allegations are insufficient to support an inference that the inspections were not conducted to protect the lenders' interest in the subject properties.

The misrepresentation alleged here differs from those that district courts have allowed to survive motions to dismiss in similar cases.  *See, e.g.*, *Bias v. Wells Fargo & Co.*, 942 F. Supp. 2d 915, 938–39 (N.D. Cal. 2013) (ruling plaintiffs adequately pleaded fraud where defendants allegedly labeled default-related fees "other charges" to disguise their true nature; omitted the fact that the fees included undisclosed markups; and dissuaded plaintiffs from challenging the

3

charges by telling them that they were in accordance with their mortgages). The plaintiffs here did not allege that the defendants marked up the actual cost of the property-inspection fees or dissuaded them from challenging the fees. Nor did the plaintiffs allege that the property-inspection fees were mislabeled; that any of their payments were misapplied to generate additional late fees; or that they were charged for multiple inspections on the same day. Vega alleged that she was charged for inspections on back-to-back days in January 2013, but she stated only that this happened once, and she was still charged for only twelve property inspections over the course of one year. On these alleged facts, we affirm the dismissal of plaintiffs' fraud-based claims.

**AFFIRMED.**