NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 30 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| GREAT PACIFIC SECURITIES, et al., | No.   16-56804 |
| Plaintiffs-Appellants | |
| v. | D.C. No. 8:14-cv-01210-DSF-SH |
| BARCLAYS CAPITAL, INC., et al., | MEMORANDUM* |
| Defendants-Appellees. | |

On Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted April 13, 2018
San Francisco, California

Before:  BEA and MURGIA, Circuit Judges, and MOLLOY,** District Judge.

This case concerns claims by Plaintiff Great Pacific Securities ("Great Pacific") that Barclays Capital Inc. ("Barclays") made a series of fraudulent misrepresentations and omissions regarding its Liquidity Cross ("LX") dark pool. Dark pools are private stock exchanges where clients can trade securities in real time,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation.

without contemporaneously disclosing information to the public. Dark pools have gained popularity as institutional traders seek to avoid computerized High Frequency Traders ("HFTs"), which use public information about public trades to execute thousands of trades a second before the publicly known trades are fully executed, to take advantage of slower moving traders. HFTs skim information off publicly known buy and sell orders before those orders have been executed and use that information to profit by "trading ahead" of the publicly known trades to buy stocks that the HFTs know will appreciate due to a yet unfilled, but publicly known, buy order.

According to Great Pacific, one of Barclays' customers, Barclays marketed LX and other various trading tools to institutional investors as a means to avoid these "aggressive" HFTs. Great Pacific alleges that, in fact, Barclays misrepresented both the number of aggressive HFTs trading in LX and its ability and intent to police LX for aggressive HFT behavior. According to Great Pacific, these misrepresentations caused institutional investors to execute trades in LX and pay higher prices on purchases, receive lower prices on sales, and pay fees to Barclays when they would not have otherwise.

Great Pacific filed a class action lawsuit in the District Court for the Central District of California on behalf of itself and all other similarly-situated traders alleging state law claims for concealment, violation of California's Unfair

2

Competition Law (the "UCL"), Cal. Bus. & Prof. Code §§ 17200–210, and violation of California's False Advertising Law (the "FAL"), *see* Cal. Bus. & Prof. Code §§ 17500–509. The lawsuit was transferred to the Southern District of New York as part of a multi-district litigation against Barclays. In the Southern District of New York, Great Pacific's first amended complaint ("FAC") was dismissed without prejudice for failure to state a claim. The case was then transferred back to the Central District, where Great Pacific filed a second amended complaint ("SAC") and then filed the operative third amended complaint (the "TAC"). Barclays moved to dismiss the TAC and the district court granted the motion with leave to amend. Great Pacific declined the opportunity to amend the TAC and appealed to this court.

We review de novo a district court's decision to grant a motion to dismiss for failure to state a claim. *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). To plead a claim for fraud with particularity, as required by Rule 9(b), a party's "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Cooper v. Pickett,* 137 F.3d 616, 627 (9th Cir. 1997)). The plausibility standard of Rule 8 also applies to cases subject to Rule 9(b). *See*

3

*Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011).

1. The TAC did not state a claim for concealment. Under California law, "[c]oncealment is a species of fraud . . . ." *Moncada* v. *W. Coast Quartz Corp.*, 164 Cal. Rptr. 3d 601, 607 (Ct. App. 2013). "As with all fraud claims, the necessary elements of a concealment/suppression claim consist of '(1) misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (scienter); (3) intent to defraud (i.e., to induce reliance); (4) justifiable reliance; and (5) resulting damage.'" *Hoffman v. 162 N. Wolfe LLC*, 228 Cal. App. 4th 1178, 1185–86 (2014), *as modified on denial of reh'g* (Aug. 13, 2014) (quoting *Alliance Mortg. Co. v. Rothwell*, 10 Cal.4th 1226, 1239 (1995)). Because concealment requires the allegation of fraud, the circumstances of the fraud are subject the heightened pleading standard established by Rule 9(b) and must be pleaded with particularity. *See Vess*, 317 F.3d at 1103.

The district court correctly found that the TAC failed to plead reliance with particularity. Specifically, the TAC failed to plead that Great Pacific received and was aware of the representations regarding LX which it claims were false. *See Slakey Bros. Sacramento, Inc. v. Parker*, 265 Cal. App. 2d 204, 208 (1968) (stating that a plaintiff "cannot be defrauded by misrepresentations which never reach him and of which he had no knowledge at the time of his loss"). With the exception of

4

one iteration of a pitchbook distributed by Barclays to its clients, the TAC fails even to allege that Great Pacific <u>received</u> the specific marketing materials and representations cited by the TAC. With respect to the one pitchbook the TAC states Great Pacific received, the TAC fails to plead whether anyone at Great Pacific read the pitchbook or how Great Pacific personnel relied on the pitchbook. Thus, the TAC failed to plead with particularity the "who, what, when, where, and how" of its reliance. *See Vess*, 317 F.3d at 1103, 1106.[1]

2. As the district court held, Great Pacific's FAL and UCL claims based on Barclays' alleged misrepresentations fail for the same reasons as its concealment claim. The FAL makes it unlawful for any person to "induce the public to enter into any obligation" based on a statement that is "untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." Cal. Bus. & Prof. Code § 17500. The UCL is intended "to protect both consumers and competitors by promoting fair competition in commercial markets for goods and services." *Kasky v. Nike, Inc.*, 27 Cal. 4th 939, 950 (2002). Further, the UCL defines "unfair competition" as "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and

---

[1] The TAC also claims that Barclays defrauded its customers by failing to disclose various regulatory violations. This claim fails because the TAC does not adequately allege that Barclays knew that it was omitting material information, that it intended to deceive its clients, or that Great Pacific would have acted differently had it known of the regulatory violations.

any act prohibited by [the false advertising law (§ 17500 et seq.)]." *Id.*(quoting Cal. Bus. & Prof. Code § 17200). Violations of the FAL necessarily support a UCL claim. *Id.* at 950. Plaintiffs alleging claims under the FAL and UCL are required to plead and prove actual reliance on the misrepresentations or omissions at issue. *See Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 326–27 (2011). Just like Great Pacific's concealment claim, these allegations are subject to Rule 9(b)'s particularity standard. *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009). As discussed above, the TAC fails to plead reliance with particularity.[2]

3. The district court did not err in denying Great Pacific's motion for discovery after it filed its SAC. "[P]laintiffs must satisfy the pleading requirements of Rule 8 *before* the discovery stage, not after it." *Mujica v. AirScan Inc.*, 771 F.3d 580, 593 (9th Cir. 2014) (emphasis in the original). It is not too much to ask that a plaintiff be able to allege he read and relied on the claimed misleading information before requiring the defendant to disclose what it knows about which plaintiff relied on its communications. As a result, the district court did not err in denying Great Pacific discovery until Great Pacific filed a well-pleaded complaint that satisfied Rule 8's requirements. *See id.*

---

[2]    Great Pacific's UCL claim based on Barclays' alleged violation of various regulations fails because Great Pacific failed to allege that it suffered an economic injury due to these violations, as required to state a UCL claim. *See Kwikset*, 51 Cal. 4th at 320 (holding that economic injury caused by the unfair business practice is a necessary element of a UCL claim).

6

In light of the above, we **AFFIRM** the district court's judgment dismissing Great Pacific's claims and denying Great Pacific's request for discovery.