NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 27 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LOREEN AVAKIAN; JEFFREY GARZA, Plaintiffs-Appellants, v. WELLS FARGO BANK, N.A., a National Association; DOES, 1 through 10, inclusive, Defendants-Appellees. | No. 19-55659 D.C. No. 2:18-cv-05766-MWF-AGR MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Argued and Submitted October 13, 2020
Pasadena, California

Before: GOULD and OWENS, Circuit Judges, and KORMAN,** District Judge.

Plaintiff-Appellants Loreen Avakian and Jeffrey Garza (collectively

"Borrowers") appeal the dismissal of their second amended complaint ("SAC")

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

without leave to amend. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Borrowers stopped making their scheduled mortgage payments in April 2016, with a resulting monetary balance due on the mortgage loan. A notice of default was recorded in October 2016, reflecting $34,642.84 in arrears, followed by a notice of sale in January 2017. Borrowers submitted a first loan modification application to their lender, Defendant-Appellee Wells Fargo Bank, N.A. ("Lender"), which was denied on April 11, 2017. Borrowers submitted a second application to modify their loan agreement in June 2017. They sent the last requested documents to Lender on June 28. A foreclosure sale was conducted at 6:30 AM on July 3, although Lender told Borrowers later that day that their second application was complete.

Borrowers brought eight causes of action under California law against Lender, alleging misconduct in the foreclosure proceedings and the loan modification process. The district court successively dismissed their complaint on September 25, 2018, their first amended complaint on February 26, 2019, and their SAC on May 10, 2019, all for failure to state a claim. Borrowers appeal the dismissal of their SAC without leave to amend. We address the various claims of Borrowers in turn.

First, Borrowers did not state a claim for wrongful foreclosure. Even if

Lender committed the violations Borrowers allege, these notice violations were technical. Under California law "mere technical violations of the foreclosure process will not give rise to a tort claim." *Majd v. Bank of Am., N.A.*, 243 Cal. App. 4th 1293, 1307 (Ct. App. 2015) (citation omitted), *as modified* (Jan. 14, 2016). This rule precludes a claim of wrongful foreclosure, which is in tort.

Second, Borrowers did not state a claim for dual tracking under the California Homeowner Bill of Rights. Cal. Civ. Code § 2923.6(c). Lender denied the first application months before the foreclosure sale. Lender did not need to consider a second loan modification application after denying the first because Borrowers did not adequately plead that they submitted to Lender documentation of a material change in their financial situation since their first application. *See* Cal. Civ. Code § 2923.6(g).

Third, Borrowers' claims for unfair business practices, intentional misrepresentation, fraud, and negligent misrepresentation are all fraud-based claims, and must meet the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure. *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009). Borrowers did not show that Lender's challenged statements were false when they were made and did not show how Borrowers could have been misled by Lender's statement that their application was complete when the statement was made after the foreclosure sale had taken place. *See In re GlenFed,*

*Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994) (*en banc*) (requiring that the complaint state "what is false or misleading about a statement, and why it is false"), *superseded by statute on other grounds*, Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u–4(b)(1), *as recognized in Ronconi v. Larkin*, 253 F.3d 423, 429 n.6 (9th Cir. 2001). Borrowers did not state a fraud-based claim.

Fourth, Borrowers did not state a claim for negligence because they did not show that Lender owed them a duty in tort. *See Nymark v. Heart Fed. Sav. & Loan Ass'n.*, 231 Cal. App. 3d 1089, 1096 (Ct. App. 1991). Here, *Alvarez v. BAC Home Loans Servicing, LP* does not establish a duty because Borrowers did not plead that Lender had agreed to consider their second loan modification application before the foreclosure sale took place. 228 Cal. App. 4th 941, 948 (Ct. App. 2014).

Fifth, Borrowers' unjust enrichment claim relied on their other claims to allege that Lender was "unjustly conferred a benefit 'through mistake, fraud, coercion, or request.'" *See Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015) (citation omitted). Because Borrowers' other causes of action did not state a claim, this claim also fails.

Finally, the district court did not abuse its discretion by denying leave to amend. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (citation omitted). "The district court's discretion to deny leave to

4

amend is particularly broad where plaintiff has previously amended the complaint." *Sisseton-Wahpeton Sioux Tribe of Lake Traverse Indian Reservation, N.D. & S.D. v. United States*, 90 F.3d 351, 355 (9th Cir. 1996) (citation omitted). Here, because the district court denied leave to amend after permitting amendment twice and warning that it would not do so a third time, we cannot say that "the district court committed clear error of judgment." *See id.*

**AFFIRMED.**