NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 26 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

HENRY'S BULLFROG BEES; KELVIN
ADEE, Doing business as Adee Honey
Farms; GOLDEN PRAIRIE HONEY
FARMS CORP, previously SAVE Golden
Prairie Honey Farms, LLC Doing business
as Valor Honey,

Plaintiffs - Appellants,

 v.

SUNLAND TRADING, INC.; LAMEX
FOODS, INC.; BARKMAN HONEY, LLC;
DUTCH GOLD HONEY, INC.; TRUE
SOURCE HONEY, LLC; NSF
INTERNATIONAL; ODEM
INTERNATIONAL, INC.,

Defendants - Appellees,

and

INTERTEK TESTING SERVICES, NA,
INC., AMERICAN ANALYTICAL
CHEMISTRY LABORATORIES CORP.,
INTERTEK FOOD SERVICES GMBH,

Defendants.

No. 24-6400

D.C. No.
2:21-cv-00582-DJC-CKD

MEMORANDUM*

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Eastern District of California
Daniel J. Calabretta, District Court, Presiding

Submitted May 21, 2026[**]
San Francisco, California

Before: WARDLAW, BEA, and SANCHEZ, Circuit Judges.

Henry's Bullfrog Bees, Golden Prairie Honey Farms Corp d/b/a Valor Honey, and Kelvin Adee as co-owner of Adee Honey Farms (collectively "Plaintiffs") appeal from the district court's order, which granted Defendants'[1] motion to dismiss Plaintiffs' Second Amended Complaint for failure to plead fraud with particularity under Rule 9(b) of the Federal Rules of Civil Procedure, with prejudice.[2] *See* Fed. R. Civ. P. 9(b). We have jurisdiction over the district court's final order pursuant to 28 U.S.C. § 1291. We review de novo the dismissal of a complaint pursuant to Rule 9(b). *See Kearns v. Ford Motor Co.*, 567 F.3d 1120,

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] Defendants are eight organizations connected to the import, certification, and sale of foreign honey inside the U.S. Plaintiffs refer to Sunland Trading, Inc., Lamex Foods, Inc., and Odem International Inc. as the "Importer Defendants"; Barkman Honey LLC and Dutch Gold Honey, Inc. as the "Packer Defendants"; and True Source Honey LLC, Intertek Food Services GmbH, and NSF International as the "Certifier Defendants." Plaintiffs originally named "Intertek Testing Services, NA, Inc." and "American Analytical Chemistry Laboratories Corp." as Defendants but later voluntarily dismissed both. In the Second Amended Complaint, Plaintiffs sued Intertek Food Services GmbH, which has not appeared in this case.

[2] All parties agree that Rule 9(b) applies to Plaintiffs' claims.

24-6400

1124 (9th Cir. 2009).  We review for abuse of discretion the district court's denial of leave to amend, but whether amendment would be futile is reviewed de novo. *Malheur Forest Fairness Coal. v. Iron Triangle, LLC*, 164 F.4th 710, 723 (9th Cir. 2026).  We affirm.

Under Rule 9(b), when a claim is "grounded in fraud," that claim must satisfy a heightened pleading standard; the plaintiff must "state with particularity the circumstances constituting fraud."  *Kearns*, 567 F.3d at 1122, 1124 (quoting Fed. R. Civ. P. 9(b)).  This means that a plaintiff must "detail with particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme."  *Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991).  Put another way, "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged."  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)).

Considered separately and as a whole, the allegations in the Second Amended Complaint fail to satisfy Rule 9(b)'s particularity requirement. Plaintiffs' allegations are largely conclusory claims without any supporting detail and those claims that relate to concrete events are both insufficient to support Plaintiffs' claims alone and lack the necessary "who, what, when, where, and how" details of the alleged fraud.  *Vess*, 317 F.3d at 1106.

Furthermore, the district court did not abuse its discretion in denying Plaintiffs leave to amend the Second Amended Complaint. The First Amended Complaint was "notably similar" to the Second Amended Complaint, and the Plaintiffs were unable to provide meaningful plans for further amendment despite a lengthy delay in litigation. Because Plaintiffs have not proposed a concrete remedy that would allow them to meet the heightened pleading standard of Rule 9(b), we affirm the district court's conclusion that further amendment would be futile. *See In re Cloudera, Inc.*, 121 F.4th 1180, 1190 (9th Cir. 2024).

**AFFIRMED.**