MEMORANDUM **
Plaintiffs appeal the district court’s order granting Apple’s Motion to Dismiss Plaintiffs’ California Consumer Legal Remedies Act (“CLRA”), California False Advertising Law (“FAL”), California Unfair Competition Law (“UCL”), and intentional and negligent misrepresentation claims. The district court held that Plaintiffs’ amended consolidated class action complaint, alleging that Apple’s advertising campaign misrepresented the functionality of the Siri feature of the iPhone 4S and deceived consumers, failed to plead fraud with particularity as required by Federal Rule of Civil Procedure 9(b) and failed to plead plausible claims under Federal Rule of Civil Procedure 8(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
1. The district court did not err. in finding that Plaintiffs failed to meet the heightened pleading requirements of Rule 9(b) when Plaintiffs failed to describe how and why Apple’s statements Were fraudulent or misleading. All of Plaintiffs’ claims fall under the heightened pleading requirements of Rule 9(b) because they are “grounded in fraud.” See Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009); Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1102-05 (9th Cir.2003) (holding that the Rule 9(b) pleading standards apply to California CLRA, FAL, and UCL claims because, though fraud is not an essential element of those statutes, a plain-, tiff alleges a fraudulent course of conduct as the basis of those claims). In pleading fraud or misrepresentation a plaintiff “must state with particularity the circumstances constituting fraud or mistake.” Fed.R.Civ.P. 9(b). To meet this standard a plaintiff must allege the “who, what, where, when, and how” of the misconduct and explain what is false or misleading about the statement made and why it is false. Cafasso ex. rel. United States v. Gen. Dynamics Ck Sys., Inc., 637 F.3d 1047, 1055 (9th Cir.2011).
Merely pointing to product demonstrations of Siri in Apple’s general advertising campaign is insufficient to show that Apple fraudulently misled Plaintiffs into believing Siri would perform consistently. Plaintiffs fail to define what level of consistency they expected from these representations and *416 how often Siri actually performed as requested. Plaintiffs also do not allege that Siri never worked, just that Siri did not work as consistently as they expected. Failure to meet Plaintiffs’ undefined expectations of consistency does not render Apple’s representations misleading. Therefore, Plaintiffs failed adequately to allege why the representations were misleading and the district court did not err in holding that Plaintiffs failed to satisfy the pleading requirements of Rule 9(b).
2. The district court did not err when it dismissed Plaintiffs’ CLRA, FAL, and UCL claims for failing to meet the pleading requirements of Rule 8(a) because it could not determine if a reasonable consumer would be misled by Apple’s representations. Complaints alleging fraud subject to Rule 9(b) must also meet the plausibility requirement of Rule 8(a) under Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Cafasso, 637 F.3d at 1055. To be plausible, claims must meet the “reasonable consumer” test by showing that members of the public are likely to be deceived. Williams v. Gerber Prods. Co., 552 F.3d 934, 938 (9th Cir. 2008).
Because Plaintiffs cannot articulate what level of consistent performance Apple fraudulently represented, they similarly fail to define the level of consistency a reasonable consumer would expect. Therefore, Plaintiffs failed to satisfy the reasonable consumer test and the district court did not err in holding Plaintiffs’ complaint deficient for failure to state a claim that satisfies Rule 8(a).
3. Because Plaintiffs elected to stand on their amended consolidated class action complaint, there was no abuse of discretion in dismissal with prejudice. See Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 1007 (9th Cir.2009).
Costs are awarded to Appellees.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.