METROPCS, a brand of T-Mobile USA, Inc., Delaware corporation,
Plaintiff,

v.

SD PHONE TRADER, a d/b/a/ of Carlos Elizondo and Ramon Elizondo; Carlos Elizondo a/k/a Carlos Alberto Elizondo a/k/a Carlos A. Elizondo a/k/a Jose Gomez, individually and d/b/a EC Wireless, EC Wireless One Touch Communications, and EC Wireless #3; and Ramon Elizondo a/k/a Ramon Manuel Elizondo a/k/a Ramon Elizondo Jr., individually and d/b/a EC Wireless, EC Wireless One Touch Communications, and EC Wireless #3, Defendants.

CASE NO. 16cv0098 DMS (KSC)

United States District Court, S.D. California.

Signed 05/17/2016

Alana Zorrilla-Gaston, James Baldinger, Stacey Sutton, Carlton Fields Jorden Burt P.A., West Palm Beach, FL, Mark A. Neubauer, Carlton Fields Jorden Burt, LLP, Los Angeles, CA, for Plaintiff.

Eric Benink, Krause, Kalfayan, Benink & Slavens, LLP, San Diego, CA, for Defendants.

## ORDER DENYING DEFENDANT CARLOS ELIZONDO'S MOTION TO DISMISS

HON. DANA M. SABRAW, United States District Judge

This case comes before the Court on the motion to dismiss filed by Defendant Carlos Elizondo. Plaintiff filed an opposition to the motion, and Defendant filed a reply. For the reasons set out below, the Court denies the motion.

## I.

## BACKGROUND

T-Mobile sells wireless handsets under the brand MetroPCS for use with MetroPCS service on the T-Mobile wireless network. (Compl. ¶ 5.) These handsets are sold at prices significantly below the wholesale cost to MetroPCS to make them more widely available to consumers. (Id.) "Plaintiff recoups the money it loses on the Handsets and in dealer commissions through revenue earned on the sale of MetroPCS service, which customers must use to transmit and receive voice, text, and data on the MetroPCS Handsets." (Id. ¶ 23.) These handsets are sold subject to terms and conditions that restrict and limit the commercial resale and use of the handsets. (Id. ¶ 24.) The handsets also include "proprietary software, requested and paid for by Plaintiff," which "is intended to prevent the Handsets from being used for other than MetroPCS service, except under circumstance[s] in which legitimate customers meeting the criteria to have the Handset unlocked." (Id. ¶ 25.) In connection with the sale of these products and services, Plaintiff uses the MetroPCS® mark, which is registered with the United States Patent and Trademark Office. (Id. ¶¶ 29-30.) MetroPCS products and services are available online and across the United States through a network of company-owned stores, authorized dealer locations, and leading national retailers. (Id. ¶ 20.)

Plaintiff alleges Defendants Carlos Elizondo and Ramon Elizondo operate several businesses in San Diego, including EC Wireless, EC Wireless One Touch Communications, EC Wireless #3 and SD Phone Trader. (Id. ¶¶ 15-16.) Plaintiff alleges Defendants are engaged in a scheme whereby they acquire new MetroPCS handsets, "unlock" those handsets so they will operate on other wireless networks, and sell them to non-Metro-PCS customers. (Id. ¶ 6.) Plaintiff discovered Defendants' alleged scheme through various means, including internet advertisements and an investigator who sold several of Plaintiff's phones to Defendants. (Id. ¶¶ 37-38.)

As a result of the investigation, Plaintiff filed the present case. In the Complaint, Plaintiff alleges the following claims for relief: (1) unfair competition under California common law, (2) tortious interference with business relationships and prospective advantage, (3) civil conspiracy, (4) unjust

enrichment, (5) conspiracy to induce breach of contract, (6) common law fraud and fraudulent misrepresentation, (7) trafficking in computer passwords in violation of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030(a)(6), (8) unauthorized access in violation of the CFAA, 18 U.S.C. § 1030(a)(5)(C), (9) unauthorized access with intent to defraud in violation of the CFAA, 18 U.S.C. § 1030(a)(4), (10) federal trademark infringement, 15 U.S.C. § 1114, (11) federal common law trademark infringement and false advertising, 15 U.S.C. § 1125(a)(1)(A), (B), (12) contributory trademark infringement, (13) conversion and (14) unfair competition in violation of California Business and Professions Code § 17200. Plaintiff has reached a settlement with Defendant Ramon Elizondo, and those parties have submitted a joint motion for entry of final judgment and permanent injunction, which is currently pending before the Court. Plaintiff's claims against Defendant Carlos Elizondo remain pending, and are the subject of the present motion.

## II.

### DISCUSSION

Defendant moves to dismiss the Complaint in its entirety for two reasons. First, he argues the allegations in the Complaint do not support the existence of a scheme. Second, he asserts the allegations in the Complaint do not satisfy the requirements of Federal Rule of Civil Procedure 9(b).

In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Supreme Court established a more stringent standard of review for 12(b)(6) motions. To survive a motion to dismiss under this new standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*,

556 U.S. at 678, 129 S.Ct. 1937 (citing *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955).

"Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679, 129 S.Ct. 1937 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157–58 (2d Cir.2007)). In *Iqbal*, the Court began this task "by identifying the allegations in the complaint that are not entitled to the assumption of truth." *Id.* at 680, 129 S.Ct. 1937. It then considered "the factual allegations in respondent's complaint to determine if they plausibly suggest an entitlement to relief." *Id.* at 681, 129 S.Ct. 1937.

Here, Defendant does not challenge any of Plaintiff's specific claims. Rather, he attacks the allegations as a whole, arguing they do not support the existence of a scheme and fail to satisfy the requirements of Rule 9(b). As Plaintiff points out, however, the scheme alleged in the Complaint "does not comprise the claims; it provides the factual context of how Defendant's handset trafficking operation works." (Pl.'s Resp. in Opp'n to Mot. at 3.) As the scheme is not an element of any of Plaintiff's claims, Defendant's argument that the scheme is insufficiently pleaded does not warrant dismissal of the Complaint.

Defendant also moves to dismiss the Complaint for failure to comply with Federal Rule of Civil Procedure 9(b). Defendant argues this Rule applies to all of the claims, (Reply at 7), and that Plaintiff has not met the requirements of the Rule for any of the claims. Plaintiff concedes that

Rule 9(b) applies to some of its claims, but not all of them. For those claims to which the Rule applies, Plaintiff argues it has met the pleading standard.

▮ Rule 9(b) "requires that, when fraud is alleged, 'a party must state with particularity the circumstances constituting fraud....'" *Kearns v. Ford Motor Co.,* 567 F.3d 1120, 1124 (9th Cir.2009) (quoting Fed. R. Civ. P. 9(b)). Here, Defendant asserts Plaintiff's entire Complaint sounds in fraud, therefore all of the claims are subject to the heightened pleading requirements of Rule 9(b). However, the Court disagrees. Plaintiff specifically alleges fraud or fraudulent conduct in connection with claims two (tortious interference), (*see* Compl. ¶ 67), three (civil conspiracy), (*id.* ¶ 72), and six (fraud and fraudulent misrepresentation) only. Contrary to the parties' suggestion, Plaintiff's claims under the CFAA are not subject to the heightened pleading requirements of Rule 9(b). *See Facebook, Inc. v. MaxBounty, Inc.,* 274 F.R.D. 279, 284 (N.D.Cal.2011) (declining to apply Rule 9(b) to claims under the CFAA). Furthermore, Plaintiff's claim for unfair competition under California Business and Professions Code § 17200 does not include any allegations of fraud or fraudulent conduct. Nor do any of the other claims include such allegations. Thus, based on this Court's review of the Complaint and the relevant case law, only claims two, three and six are subject to the heightened pleading requirements of Rule 9(b).

▮ A pleading satisfies Rule 9(b) if it identifies "the who, what, when, where, and how" of the misconduct charged. *Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1106 (9th Cir.2003). Those requirements are satisfied here. Plaintiff alleges that on October 20, 2015, Defendant Carlos Elizondo personally purchased five new MetroPCS handsets from Plaintiff's investigator. (Compl. ¶ 38.) Defendant's employee "Sal" indicated to Plaintiff's investigator that those handsets "would be sent to Mexico." (*Id.*) Plaintiff also alleges Defendant unlocks phones, and the evidence attached to the Complaint supports that allegation. (Compl., Ex. D.) The evidence attached to the Complaint also supports Plaintiff's allegation that Defendant was interested in buying phones "in bulk." (Compl., Ex. E.) Contrary to Defendant's argument, these allegations satisfy the requirements of Rule 9(b).

To the extent Defendant argues Plaintiff's allegations about the "scheme" do not satisfy Rule 9(b), (*see* Mem. of P. & A. in Supp. of Mot. at 10), the alleged "scheme" is not an element of any of Plaintiff's claims, as discussed above. Rather, Plaintiff infers the existence of the alleged "scheme" based, in part, on the specific allegations in the Complaint. Although Defendant takes issue with that inference based on the facts alleged, that is not an issue for the Court to decide on a motion to dismiss. In deciding a motion to dismiss, the Court need only determine whether the facts alleged are sufficient to support the legal claims, and whether the inferences drawn from those facts are reasonable. In this case, Defendant has not shown that either of those circumstances is not met, and that dismissal is therefore warranted.

## III.

## CONCLUSION AND ORDER

For these reasons, the Court denies Defendant's motion to dismiss.

**IT IS SO ORDERED.**