NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



KATHLEEN HASKINS, On Behalf of
Herself and All Others Similarly Situated,

Plaintiff - Appellant,

v.

SYMANTEC CORPORATION,

Defendant - Appellee.

No. 14-16141

D.C. No. 3:13-cv-01834-JST

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Jon S. Tigar, District Judge, Presiding

Argued and Submitted June 14, 2016
San Francisco, California

Before: CLIFTON and IKUTA, Circuit Judges and LAMBERTH,[**] Senior District
Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Royce C. Lamberth, Senior District Judge for the U.S.
District Court for the District of Columbia, sitting by designation.

Kathleen Haskins appeals the district court's dismissal of her Third Amended Complaint. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court did not err in granting Symantec Corporation's motion to dismiss the UCL and CLRA claims. Because Haskins's complaint did not allege that she read and relied on a specific misrepresentation by Symantec, she failed to plead her fraud claims with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure. *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009). Haskins argues that a plaintiff may bring a UCL fraud action under California law without pleading and proving individualized reliance on specific misrepresentations in the narrow circumstances identified in *In re Tobacco II Cases (Tobacco II)*, 46 Cal. 4th 298 (2009), so she need not allege reliance on a specific misrepresentation to meet Rule 9(b)'s pleading requirements. Even assuming this is correct as a matter of federal procedural requirements, Haskins failed to establish that the *Tobacco II* standard is applicable to her pleadings because the misrepresentations at issue here were not part of an extensive and long-term advertising campaign like the decades-long campaign engaging in saturation advertising targeting adolescents in *Tobacco II*.

Haskins did not sufficiently allege breach of an implied contract because she did not allege the conduct that formed the contract or the contract's terms. Similarly, she did not sufficiently plead money had and received because she did not allege that Symantec received money intended to be used for her benefit. *See Avidor v. Sutter's Place, Inc.*, 212 Cal. App. 4th 1439, 1454 (2013). The district court therefore did not err in dismissing those claims.

**AFFIRMED.**