NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 19 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STANLEY J. DALE,<br><br>             Plaintiff-Appellant,<br><br>  v.<br><br>BANK OF AMERICA CORPORATION, a Delaware corporation; et al.,<br><br>             Defendants-Appellees. | No. 14-16927<br><br>D.C. No. 2:13-cv-01171-ROS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, District Judge, Presiding

Submitted April 11, 2017[**]

Before:      GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Stanley J. Dale appeals pro se from the district court's judgment dismissing

his action alleging federal and state law claims related to the modification of his

mortgage loan.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo

a district court's dismissal for failure to state a claim under Federal Rule of Civil

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Procedure 12(b)(6). *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). We affirm.

The district court properly dismissed Dale's action because Dale failed to allege facts sufficient to state plausible claims for fraud, misrepresentation, and violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). *See id.* at 341-42 (although pro se pleadings are liberally construed, a plaintiff must still present factual allegations sufficient to state a plausible claim for relief); *see also Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (Fed. R. Civ. P. 9(b)'s particularity requirement applies to RICO claims and state law claims that allege fraudulent conduct).

The district court did not abuse its discretion by denying Dale leave to amend because amendment would have been futile. *See Chodos v. West Publ'g Co., Inc.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("[W]hen a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is particularly broad" (citation and internal quotation marks omitted)); *Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725-26 (9th Cir. 2000) (standard of review).

**AFFIRMED.**

14-16927