FILED

NOT FOR PUBLICATION

NOV 17 2017

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| PATRICK WHITE and NELDA WHITE, | No. 16-15549 |
| Plaintiffs-Appellants, | DC No. CV 15-17775 MCE |
| v. | |
| JPMORGAN CHASE & CO. and SELECT PORTFOLIO SERVICING, INC., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Argued and Submitted October 13, 2017
San Francisco, California

Before:      TASHIMA and BYBEE, Circuit Judges, and LEITMAN,** District
Judge.

Patrick and Nelda White (the "Whites") appeal the dismissal without leave

to amend of their first amended complaint ("FAC"), which alleges that JPMorgan

---

*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**       The Honorable Matthew Frederick Leitman, United States District
Judge for the Eastern District of Michigan, sitting by designation.

Chase Bank, N.A. ("Chase") and Select Portfolio Servicing, Inc. ("SPS") were liable for fraud and promissory estoppel based on their representations about the status of the Whites' home loan modification application.

The FAC alleges that Chase employees twice called the Whites and said that, based on information Mr. White provided over the phone, the Whites were "eligible" and "qualified" for a loan modification – subject to verification of the information Mr. White provided. Each time, the Whites completed Chase loan modification applications and sent additional documents. Each time, Chase denied the applications. The Whites also allege that an SPS representative said the Whites were "eligible" and "qualified" for a loan modification, subject to verification of the information Mr. White provided over the phone. SPS then denied the Whites' loan modification application.

The district court dismissed the Whites' claims without leave to amend because the Whites allege only that Chase and SPS made conditional statements and fail to allege the fraudulent circumstances with requisite particularity. *See* Fed. R. Civ. P. 9(b). The court also concluded that the Whites' conditional allegations render amendment futile.

We review the dismissal of a complaint de novo. *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1126 (9th Cir. 2014). We review the district court's denial of leave to

2

amend for abuse of discretion. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

**1.** The district court properly dismissed the FAC because the Whites do not show justifiable reliance. A claim of fraud arises from a misrepresentation made with knowledge of its falsity – or without reasonable grounds for its truth, if the claim is for negligent misrepresentation, *Ragland v. U.S. Bank N.A.*, 147 Cal. Rptr. 3d 41, 54 (Ct. App. 2012) – that is intended to and actually induces justifiable reliance, causing damages. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009). The Whites allege that they justifiably relied on Chase's and SPS' statements that they were "eligible" and "qualified" for a modification. But that is not what they relied on. Rather, the Whites relied on their own optimistic assumption that they would unconditionally receive a loan modification simply because they were told by phone that they were "eligible" and "qualified." But that assumption was unsupported by Chase's and SPS' statements, which never guaranteed a modification, which did not specify the material terms of a modification, and which expressly conditioned a modification on verification of the Whites' orally provided information.

Nor were Chase's and SPS' alleged statements "clear and unambiguous" promises sufficient to state claims for promissory estoppel. *U.S. Ecology, Inc. v. State*, 28 Cal. Rptr. 3d 894, 905 ( Ct. App. 2005).

**2.** Lastly, the district court did not abuse its discretion in denying the Whites further leave to amend. Although the district court should ordinarily grant a plaintiff "at least one chance to amend a deficient complaint," *Nat'l Council of La Raza v. Cegavske*, 800 F.3d 1032, 1041 (9th Cir. 2015), leave to amend is unnecessary if amendment would be futile. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The Whites did not even request leave to amend in district court. At oral argument before this court, the Whites did not argue they could allege that Chase or SPS represented, unconditionally, that the Whites had in fact received a loan modification. The Whites also cannot amend the FAC to allege that the Home Affordable Modification Program ("HAMP") applies to their loan because they were facially ineligible for HAMP, as being over HAMP's upper loan limit. *Majd v. Bank of Am., N.A.*, 197 Cal. Rptr. 3d 151, 157 (Ct. App. 2015). Therefore, amendment would be futile.

The judgment of the district court is **AFFIRMED.**