NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 22 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANCELMO V. RAMOS, | No. 12-56435 |
| Plaintiff-Appellant, | D.C. No. 2:12-cv-00562-DMG-JEM |
| v. | |
| BANK OF AMERICA, N.A.; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Submitted February 13, 2018[**]

Before:    LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

This matter has been stayed since February 23, 2017 pending resolution of

*Ho v. ReconTrust Co., N.A.*, No. 10-56884, or further order of the court. We

hereby lift the stay.

Ancelmo V. Ramos appeals pro se from the district court's judgment

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

dismissing his action alleging federal and state law claims arising from foreclosure proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). We affirm.

The district court properly dismissed Ramos's fraud claims related to the origination of his mortgage loan because Ramos failed to allege facts sufficient to show that defendants made a knowing and intentional misrepresentation on which Ramos relied. *See Robinson Helicopter Co., Inc. v. Dana Corp.*, 102 P.3d 268, 274 (Cal. 2004) (elements of fraud claim under California law); *see also Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (discussing heightened pleading standard for fraud claims under Fed. R. Civ. P. 9(b)).

The district court properly dismissed Ramos's remaining claims based on fraud unrelated to the origination of his mortgage loan and violations of the Fair Debt Collection Practices Act because these claims are predicated on Ramos's theory that the loan agreement is unenforceable, and Ramos failed to allege facts sufficient to state any plausible claim for relief under that theory. *See Hebbe*, 627 F.3d at 341-42.

12-56435

The district court did not abuse its discretion by declining to find that defendants' counsel violated Local Rule 7-3 because the record supports a finding that counsel complied with the rule. *See* C.D. Cal. R. 7-3 (counsel contemplating the filing of a motion must contact opposing counsel at least seven days prior to filing); *Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007) (setting forth standard of review and noting that "[b]road deference is given to a district court's interpretation of its local rules" (citation omitted)).

We do not consider arguments raised for the first time on appeal or matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We reject as meritless Ramos's contentions that the district judge exhibited bias and violated due process.

Ramos's request for oral argument, set forth in his opening brief, is denied.

Ramos's pending motions (Docket Entry Nos. 29, 42, and 45) are denied.

**AFFIRMED.**