**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 30 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



|  |  |
|---|---|
| RANDY NUNEZ, on Behalf of Himself and All Others Similarly Situated, | No. 17-56821 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-02717-JAH-WVG |
| v. | |
| SAKS INCORPORATED, a Tennessee corporation; DOES, 1-50, Inclusive, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Argued and Submitted May 15, 2019
Pasadena, California

Before: WARDLAW and HURWITZ, Circuit Judges, and KORMAN,** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

Randy Nunez appeals the district court's dismissal of his Third Amended Complaint with prejudice. We have jurisdiction under 28 U.S.C. § 1291. We reverse and remand.

1. Nunez has both Article III and statutory standing to pursue his individual claims for damages under California's False Advertising Law (FAL), Consumer Legal Remedies Act (CLRA), and Unfair Competition Law (UCL). He alleges sufficient economic injury: that he purchased a pair of Saks Fifth Avenue branded shoes and that he would not have purchased the shoes but for his reliance on the allegedly fictitious inflated "Market Price" on the shoes' price tag. *See Kwikset Corp. v. Superior Court*, 246 P.3d 877, 885, 889–91 (Cal. 2011); *Hansen v. Newegg.com Ams., Inc.*, 236 Cal. Rptr. 3d 61, 67, 71 (Ct. App. 2018), *review denied* (Oct. 17, 2018); *Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1104–05 (9th Cir. 2013), *as amended on denial of reh'g and reh'g en banc* (July 8, 2013).

2. The district court erred by concluding at the pleading stage that Nunez lacked standing to assert claims on behalf of putative class members. Because Nunez has demonstrated standing to pursue his individual claims, the district court should have deferred consideration of whether he was an adequate class representative until the class certification stage of proceedings. *See Melendres v. Arpaio*, 784 F.3d 1254, 1261–62 (9th Cir. 2015).

3. Nunez's allegations are insufficient to demonstrate standing to pursue injunctive relief.[1] *See Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 969–70 (9th Cir.), *cert. denied*, 139 S. Ct. 640 (2018). Nunez alleges that he may shop at Off Fifth in the future, but he has not alleged any intent to purchase a Saks Fifth Avenue branded product in the future. Absent such an allegation, Nunez has failed to allege that he "may suffer an 'actual and imminent, not conjectural or hypothetical' threat of future harm." *Id.* at 969; *see id.* at 969–70 ("[T]he threat of future harm may be the consumer's plausible allegations that she will be unable to rely on the product's advertising or labeling in the future, and so will not purchase the product although she would like to."). However, because Nunez filed his Third Amended Complaint before we decided *Davidson*, which resolved the open question whether a previously deceived consumer has standing to seek injunctive relief for false advertising, *id.* at 966–67, he should be allowed to amend his complaint to allege facts supporting standing to pursue injunctive relief on remand. *See Doe I v. Nestle USA, Inc.*, 766 F.3d 1013, 1028 (9th Cir. 2014).

4. The district court erred by concluding that Nunez failed to satisfy Federal Rule of Civil Procedure 9(b)'s particularity requirement for his claims under the FAL, CLRA, and UCL. Nunez has pleaded "the who, what, when, where, and

---

[1] Saks raised this issue below, but the district court did not rule upon it. We have an independent obligation to consider standing on appeal. *Am. Civil Liberties Union of Nev. v. Lomax*, 471 F.3d 1010, 1015 (9th Cir. 2006).

how" of Saks's alleged misconduct. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009). Nunez alleges he purchased a pair of Saks Fifth Avenue branded shoes at an Off Fifth store in San Diego, California (the Where) on July 15, 2015 (the When). He further alleges that Saks (the Who) used a uniform pricing scheme for its price tags for Saks Fifth Avenue branded clothing (the What) sold exclusively at Off Fifth stores. These price tags include a fictious "Market Price" alongside a "You Pay" price at which the product is sold, but the products are never in fact offered for sale or sold at the "Market Price" (the How). Nunez also alleges that the "Market Price" is likely to mislead a reasonable consumer into believing he is purchasing a discounted product. *See Hinojos*, 718 F.3d at 1106 ("Misinformation about a product's 'normal' price is . . . significant to many consumers in the same way as a false product label would be."); *see also* Cal. Civ. Code § 1770(a)(13); Cal. Bus. & Prof. Code § 17501. The district court did not address whether the claims as pleaded state a cause of action under California law, and we express no opinion on that subject.

**REVERSED AND REMANDED**.

4