**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 23 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HENRY MALASKY,<br><br>          Plaintiff-Appellant,<br><br>v.<br><br>SANDRA ESPOSITO; et al.,<br><br>          Defendants-Appellees, | No.   19-15161<br><br>D.C. No. 4:16-cv-04102-DMR<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Donna M. Ryu, Magistrate Judge, Presiding[**]

Submitted October 15, 2019[***]

Before:    FARRIS, LEAVY, and RAWLINSON, Circuit Judges.

Henry Malasky appeals pro se from the district court's judgment dismissing

his action alleging violations of the Fair Debt Collection Practices Act ("FDCPA"),

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Malasky's request for oral argument, set forth in the opening brief, is denied.

the Racketeer Influenced and Corrupt Organizations Act ("RICO"), and other claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal under Federal Rule of Civil Procedure 12(b)(6). *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011). We affirm.

The district court properly dismissed Malasky's FDCPA claim because Malasky failed to allege facts sufficient to show a qualifying "debt" or that defendants were "debt collectors" within the meaning of the FDCPA. *See* 15 U.S.C. § 1692a(5) (defining "debt" under the FDCPA); 15 U.S.C. § 1692a(6) (defining "debt collector" under the FDCPA); *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are liberally construed, plaintiff must allege facts sufficient to state a plausible claim).

The district court properly dismissed Malasky's RICO and retaliation claims because Malasky failed to allege facts sufficient to state a plausible claim. *See West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff must . . . show that the alleged deprivation was committed by a person acting under color of state law."); *Hebbe*, 627 F.3d at 341-42; *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 557 (9th Cir. 2010) (setting forth elements of a civil RICO claim).

The district court properly dismissed Malasky's state law fraud claim because Malasky failed to allege facts sufficient to satisfy the heightened pleading

standard set forth in Federal Rule of Civil Procedure 9(b).  *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124-25 (9th Cir. 2009) (discussing heightened pleading standard under Rule 9(b), which applies to state law claims alleging fraudulent conduct).

The district court properly dismissed Malasky's declaratory relief claim because there was no other claim upon which to request relief.  *See Stock W., Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989) (in order "[t]o obtain declaratory relief in federal court, there must be an independent basis for jurisdiction").

The district court did not abuse its discretion by taking judicial notice of documents from Malasky's prior Texas federal action and the California state court action.  *See Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001) (setting forth standard of review and circumstances in which the district court may take judicial notice of matters of public record in ruling on a motion to dismiss).

The district court did not abuse its discretion by denying Malasky's motion for judicial notice.  *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("Courts may only take judicial notice of adjudicative facts that are 'not subject to reasonable dispute.'" (quoting Fed. R. Evid. 201(b))); *Lee*, 250 F.3d at 689 (setting forth standard of review).

The district court did not abuse its discretion by denying leave to amend

because amendment would be futile. *See Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) (setting forth the standard of review and explaining that a "district court's discretion to deny leave to amend is particularly broad where [the] plaintiff has previously amended the complaint" (citation and internal quotation marks omitted)).

We reject as unsupported by the record Malasky's contentions that the district court violated his constitutional rights or that the district court failed to give "full faith and credit" to his marital settlement agreement.

**AFFRIMED.**