NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 19 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALBERT HEBER; et al., | No. 18-55935 |
| Plaintiffs-Appellants, | D.C. No. 8:16-cv-01525-AG-JCG |
| v. | |
| TOYOTA MOTOR SALES, U.S.A., INC.; TOYOTA MOTOR CORPORATION, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Argued and Submitted March 4, 2020
Pasadena, California

Before: KLEINFELD and NGUYEN, Circuit Judges, and PAULEY,[**] District Judge.

Albert Heber, *et al.*, individually and on behalf of all others similarly

situated (collectively, "Appellants") appeal the district court's dismissal of their

putative class action against Toyota Motor Sales, USA, Inc. ("Toyota"). In

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable William H. Pauley III, United States District Judge for the Southern District of New York, sitting by designation.

Appellants' Fourth Amended Complaint ("FAC"), they allege that because Toyota switched its wiring harness from vinyl chloride to a soy-based material, rodents were more attracted to their vehicles and caused damages. The district court dismissed the FAC for failure to plead with particularity under Federal Rule of Civil Procedure 9(b) and found that the soy-based wiring did not constitute a latent defect. This appeal concerns the dismissal of Appellants' claims arising under 13 states' consumer protection statutes, the implied warranty of merchantability, and the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301 *et seq.* We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part and reverse in part.

1. While the district court did not address whether Appellants adequately stated a claim for relief under Rule 8, Toyota argues that we should affirm on this ground. We may affirm or reverse a judgment on any ground supported by the record, regardless of whether the district court relied upon that ground. *Kling v. Hallmark Cards Inc.*, 225 F.3d 1030, 1039 (9th Cir. 2000).

We review the district court's dismissal for failure to state a claim *de novo*. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011). The complaint's factual allegations and reasonable inferences therefrom are taken as true and construed in the light most favorable to the non-moving party. *Odom v. Microsoft Corp.*, 486 F.3d 541, 545 (9th Cir. 2007) (en banc). Rule 8 requires a

2

complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, this requires "more than labels and conclusions . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff must plead facts to cross "the line between possibility and plausibility." *Id.* at 557. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). A claim is not plausible if an "obvious alternative explanation" for the defendant's behavior would not give rise to liability. *Id.* at 682.

Appellants pled that Toyota shifted from vinyl chloride-coated harnesses to soy-based wiring harnesses, which in turn attracted more rodents to Appellants' vehicles. Appellants bolstered their FAC with numerous documents. Appellants state a claim under Rule 8.

Importantly, "[w]hen faced with two possible explanations, only one of which can be true and only one of which results in liability, plaintiffs cannot offer allegations that are merely consistent with their favored explanation but are also consistent with the alternative explanation." *In re Century Aluminum Co. Secs. Litig.*, 729 F.3d 1104, 1108 (9th Cir. 2013) (quotation marks omitted). Invoking

3

Herodotus, Toyota contends that rats have always been pests that chew on things. But that is not in dispute. Rather, Appellants assert that the soy-based wiring harness has led to an *increase* in rodent damage to their vehicles. The factual allegations in the FAC directly support Appellants' theory, which necessarily excludes Toyota's explanation. Accordingly, Appellants state a plausible claim for relief under Rule 8.

2. The district court dismissed Appellants' claims arising under state law fraud and consumer protection statutes because Appellants failed to plead with sufficient particularity under Rule 9(b). Appellants concede that those claims are governed by this heightened pleading standard.

In order to meet Rule 9(b)'s heightened pleading requirement, plaintiffs must plead "the who, what, when, where, and how that would suggest fraud, rather than a business mistake viewed with the benefit of hindsight." *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997) (quotation marks omitted). "Rule 9(b) demands that the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (alteration in original) (quotation marks omitted).

Appellants fail to identify the fraud with particularity. Appellants merely

4

state in conclusory fashion that Toyota fraudulently failed to disclose the alleged defect. Indeed, Appellants fail to allege the extent to which Toyota was aware of this issue. The consumer complaints Appellants point to are unpersuasive. *See Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1147 (9th Cir. 2012). This point is made more salient by the infrequency of reported damage to Toyota vehicles. We are left to wonder who at Toyota was aware of the alleged defect and why Toyota did not disclose it. Thus, we affirm the district court's dismissal of Appellants' state-law fraud and consumer protection claims.

3. The district court dismissed Appellants' state-law implied warranty of merchantability and corresponding MMWA claims, concluding that the defect did not exist at the time of sale. The district court reasoned that the rodents did not destroy the vehicles until after the sale. On appeal, Appellants concede they cannot state claims arising under Idaho, Illinois, and Oregon law, but challenge the dismissal of their remaining implied warranty and MMWA claims.

The implied warranty of merchantability is a state-law cause of action. The implied warranty generally requires that goods possess "fitness for the ordinary purpose for which such goods are used," which means "the product is in safe condition and substantially free of defects." *Brand v. Hyundai Motor Am.*, 173 Cal. Rptr. 3d 454, 459 (Ct. App. 2014) (quotation marks omitted). To have an actionable claim, the defect must exist at the time of sale. *See Mexia v. Rinker*

*Boat Co.*, 95 Cal. Rptr. 3d 285, 290–91 (Ct. App. 2009).

The district court incorrectly identified the rodents as the alleged defect; the alleged defect was the soy-based wiring harnesses that attracted the rodents in the first place. This defect existed at the time of sale even if the damage only occurred later. To hold otherwise would require that the damage—not just the defect—exist at the time of sale. Such a limitation runs counter to the implied warranty's protection for ordinary use. Accordingly, we reverse the district court's dismissal of Appellants' implied warranty of merchantability claims—with the exception of the abandoned claims arising under Idaho, Illinois, and Oregon law—and MMWA claims.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.** The parties shall bear their own costs on appeal.