**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

MAY 18 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



LANTZ RETIREMENT INVESTMENTS, LLC, a California limited liability company; et al.,

Plaintiffs-Appellants,

v.

BRIAN GLOVER, an individual; et al.,

Defendants-Appellees.

No.  22-15171

D.C. No. 1:19-cv-00379-DAD-SAB

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Argued and Submitted May 11, 2023
San Francisco, California

Before: MURGUIA, Chief Judge, and FRIEDLAND and BENNETT, Circuit Judges.

Plaintiffs-Appellants appeal the district court's order dismissing their first

amended complaint, which asserts various federal and state-law claims against

---

*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Defendants-Appellees.[1]  Reviewing de novo, we affirm.  *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102 (9th Cir. 2003).

Plaintiffs bring several fraud-based claims subject to Rule 9 of the Federal Rules of Civil Procedure: intentional misrepresentation; negligent misrepresentation; securities fraud under 17 C.F.R. § 240.10b-5; misrepresentation and fraud under California Corporations Code §§ 25401 & 25501; and securities fraud under Oregon Revised Statutes §§ 59.115 & 59.135 (including aiding and abetting under § 59.115).  *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124-27 (9th Cir. 2009).  Plaintiffs rest these claims on several alleged misrepresentations, none of which can sustain their claims.

First, Plaintiffs allege that Defendants misrepresented that they would finance the Courtyard Towers acquisition exclusively with a takeout loan.  But Plaintiffs never allege that Defendants represented that a takeout loan would be the only source of financing used to acquire Courtyard Towers, so there was no misrepresentation about financing.  *See Lazar v. Superior Ct.*, 12 Cal. 4th 631, 638 (1996) (explaining that fraud requires, as relevant here, a false representation).

---

[1] Plaintiffs bring all claims against Defendants Brian Glover, Mark Smith, and Gregory Roderick ("Roderick"), and Frontier.  Plaintiffs bring all claims except their derivative claim under Oregon state law against Newmark Grubb ASU & Associates.  Plaintiffs bring their federal and Oregon state-law securities fraud claims against Bide LLC and Roderick LLC.  Plaintiffs sued Mesa Senior Living Community, LLC/Courtyard Towers but did not assert any claims against it.

Second, Plaintiffs allege that Defendants misrepresented that Roderick would buy out Plaintiffs' shares if they became unhappy with their investment. But Plaintiffs never allege that Defendants represented that Roderick promised to buy out Plaintiffs' shares if they became unhappy with their investments, so there was no misrepresentation about buyouts, nor do they properly allege that any Plaintiff made a demand for return of their investment that was refused. *See Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993) (explaining that information-and-belief fraud allegations may be proper when "the facts constituting the circumstances of the alleged fraud are peculiarly within the defendant's knowledge").

Third, Plaintiffs allege that Defendants misrepresented that Courtyard Towers was a "good investment." But Plaintiffs nowhere allege that they had been planning to pull out of the Mesa deal but were lulled into staying in the deal because of this statement. *See Lazar*, 12 Cal. 4th at 638 (explaining that justifiable reliance is an element of fraud).

Fourth, Plaintiffs allege that Defendants misrepresented that Frontier Management would increase occupancy rates at Courtyard Towers. But Plaintiffs merely allege that Defendants provided updates about existing occupancy rates at Courtyard Towers, not any misrepresentation about future occupancy rates.

Fifth, Plaintiffs allege that Defendants misrepresented that Frontier would

decrease operating expenses. But Defendants' statements about operating expenses are at best predictions that fall into the general rule that predictions about the future cannot qualify as misrepresentations. *See Cansino v. Bank of Am.*, 169 Cal. Rptr. 3d 619, 626 (Ct. App. 2014).

Sixth, Plaintiffs allege that Defendants misrepresented that Plaintiffs would receive 10-12% in revenue distributions monthly. But this, too, is a statement about the future that falls into the general rule that predictions about the future cannot qualify as misrepresentations. *See id.*

Seventh, Plaintiffs allege that Defendants misrepresented their intention to follow through on the exit strategy. But the complaint's conclusory information-and-belief allegation that Defendant's statement was false when it was made violates Rule 9. *See Neubronner*, 6 F.3d at 672 (explaining that proper information-and-belief fraud allegations require stating the basis for believing the allegations).

Eighth, Plaintiffs allege that Defendants misrepresented that two companies had expressed an interest in owning Mesa in the future. But this information-and-belief allegation, too, violates Rule 9. *See id.*

Ninth, Plaintiffs allege that Defendants misrepresented that Mesa would be worth $28-30 million in two to three years. But this, too, is a statement about the future that falls into the general rule that predictions cannot qualify as

4

misrepresentations.  *See Cansino*, 169 Cal. Rptr. 3d at 626.

Tenth, Plaintiffs allege that Defendants misrepresented that Glover and Roderick would not collect management fees.  But the First Amended Operating Agreement confirms that the parties agreed that Glover and Roderick could be compensated for their management services.

Eleventh and finally, Plaintiffs allege that Defendants misrepresented that Mesa would not incur any debt until the bank loan to finance Courtyard Towers was paid in full.  But that alleged statement occurred months after Plaintiffs invested in Mesa and after Mesa's purchase of Courtyard Towers closed, so it cannot form the basis of any fraud theory.  *See Lazar*, 12 Cal. 4th at 638 (explaining that justifiable reliance is an element of fraud).

Plaintiffs' remaining claim, which is brought under Oregon Revised Statutes § 63.801, fails because the Complaint alleges no demand "to obtain action by the managers or the members who would otherwise have the authority to cause the limited liability company to sue in its own right, and either that the demand was refused or ignored or the reason why a demand was not made."  *See* Or. Rev. Stat. § 63.801(2).

Plaintiffs have not shown any error warranting remand for leave to amend. The district court already gave Plaintiffs an opportunity to amend, and Plaintiffs have failed to explain how any amendment they could make would remedy the

5

deficiencies in their claims. *See Bolden-Hardge v. Off. of Cal. State Controller*, 63 F.4th 1215, 1220 (9th Cir. 2023).

The request for judicial notice (Dkt. No. 38) is denied as irrelevant to our disposition.

**AFFIRMED.**