NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 13 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

In re: APPLE PROCESSOR LITIGATION,

_____

ANTHONY BARTLING; et al.,

          Plaintiffs-Appellants,

  v.

APPLE INC.,

          Defendant-Appellee.

No.   22-16164

D.C. No. 5:18-cv-00147-EJD

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Argued and Submitted August 15, 2023
Anchorage, Alaska

Before: MURGUIA, Chief Judge, and PAEZ and NGUYEN, Circuit Judges.
Partial Dissent by Judge PAEZ.

     Plaintiffs brought this class action lawsuit against Apple, Inc. ("Apple"),

alleging that Apple knew several of its products ("iDevices") were affected by two

security vulnerabilities, which could only be repaired by installing software

---

     * This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

updates that reduced the iDevices' performance. Although Apple knew about these issues by at least June 2017, Apple continued to tout the security and performance of its iDevices and did not disclose the defects to the public until after information about the security vulnerabilities was leaked to *The New York Times* in January 2018. Plaintiffs brought claims under state consumer protection laws and for common law fraud and also sought equitable relief. The district court granted Apple's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), concluding that Plaintiffs failed to sufficiently allege violations under Rule 9(b)'s heightened pleading requirements for fraud. *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (describing Rule 9(b) requirements). The court also dismissed Plaintiffs' equitable claims.

We have jurisdiction under 28 U.S.C. § 1291, and we review de novo dismissals under Rules 9(b) and 12(b)(6). *Moore v. Mars Petcare US, Inc.*, 966 F.3d 1007, 1016 (9th Cir. 2020). At the motion to dismiss stage, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to Plaintiffs." *Id.* (citing *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 937 (9th Cir. 2008)). We apply state substantive law to Plaintiffs' state law claims. *Id.* (quoting *Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1103 (9th Cir. 2013)).

To state a claim under the California Consumer Legal Remedies Act

("CLRA") or for fraud,[1] plaintiffs must plead three elements: a knowing misrepresentation, reliance, and damages. *See Kearns*, 567 F.3d at 1126; *In re Tobacco II Cases*, 207 P.3d 20, 581–82 (Cal. 2009). The misrepresentation can be an affirmative statement or an omission. *Kearns*, 567 F.3d at 1126. Because Plaintiffs have failed to state a claim under either approach, we affirm.

**1. Affirmative Misrepresentations.** Plaintiffs allege that Apple made affirmative misrepresentations about the security and performance of its iDevices. We conclude that none of the alleged statements is actionable. First, the two statements concerning security were made in May 2017. Despite passing references to 1995 and 2012, Plaintiffs have not pled with particularity that Apple knew about the defects before June 2017. *See Kearns*, 567 F.3d at 1124–25. Because Plaintiffs must explain why the statement was "untrue or misleading *when made*," *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1549 (9th Cir. 1994), the security statements are not actionable. Second, although Plaintiffs identified statements that Apple made about the iDevices' performance in or after June 2017, these statements are also not actionable. Some statements, such as those that claim the iDevices' chips are the "most powerful and smartest . . . ever," are non-

---

[1] Because Plaintiffs present the same arguments and factual bases for each state consumer protection statutory claim and for the fraud claim, the district court analyzed these claims together using California law. We follow the same approach.

actionable "puff[ery]" because "no reasonable consumer would take [them] as anything more weighty than an advertising slogan." *See Consumer Advocs. v. Echostar Satellite Corp.*, 8 Cal. Rptr. 3d 22, 29 & n.3 (Ct. App. 2003) (internal quotation marks and citation omitted). Other statements are more measurable and definitive, claiming that the new iDevices are certain percentages faster than prior generations, but Plaintiffs have not specifically alleged that Apple's comparative statements were false. We thus affirm the district court's conclusion that Plaintiffs failed to plead with particularity any actionable affirmative misrepresentations.

**2. Omissions.** Plaintiffs next allege that Apple's failure to disclose the defects was actionable as an omission. Even assuming an omission occurred, however, Plaintiffs failed to demonstrate reliance on the alleged omission. To do so, they needed to "simply prov[e] 'that, had the omitted information been disclosed, [they] would have been aware of it and behaved differently." *Daniel v. Ford Motor Co.*, 806 F.3d 1217, 1224 (9th Cir. 2015) (quoting *Mirkin v. Wasserman*, 858 P.2d 568, 574 (Cal. 1993)). While Plaintiffs have alleged that they would have behaved differently had Apple disclosed the defects, they have not sufficiently alleged that they would have been aware of any disclosure. Although Plaintiffs allege that Apple "disseminated widely" information from its headquarters and that the defects were "widely reported" once *The New York Times* learned about the security vulnerabilities, the complaint does not contain

4

allegations that Plaintiffs themselves were likely to encounter the news reports or to read Apple's press releases. *See Daniel*, 806 F.3d at 1226–27 (concluding plaintiffs demonstrated probable awareness because they "presented evidence that they interacted with and received information from" the sources through which defendant would have disclosed a defect). The district court thus correctly concluded that Plaintiffs failed to state an omission-based claim.

**3. Equitable Claims.** Plaintiffs also assert claims for restitution, injunctive relief, and unjust enrichment under the CLRA and California's Unfair Competition Law ("UCL"). The district court dismissed these claims under *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020), which held that federal courts must apply federal equitable principles to state-based equitable claims, such that a plaintiff "must establish that she lacks an adequate remedy at law before securing equitable restitution for past harm under the UCL and CLRA." *Id.* at 844. Plaintiffs attempt to cabin *Sonner* to its facts, but subsequent case law has made clear that "*Sonner*'s holding applies to equitable UCL claims when there is a viable CLRA damages claim, regardless of" the facts. *Guzman v. Polaris Indus. Inc.*, 49 F.4th 1308, 1312 (9th Cir. 2022). Thus, Plaintiffs were obligated to allege that they had no adequate legal remedy in order to state a claim for equitable relief, *see Sonner*, 971 F.3d at 844, and they have "fail[ed] to explain" how the money they seek through restitution is any different than the money they seek as damages, *id.*

5

The district court thus correctly dismissed Plaintiffs' equitable claims.

**AFFIRMED.**

*Bartling v. Apple, Inc.*, No. 22-16164

Paez, Circuit Judge, dissenting in part:

Although I agree with most of the conclusions reached by the majority, I would hold that Plaintiffs alleged an affirmative misrepresentation claim under the California Consumer Legal Remedies Act ("CLRA"). In September 2017, after it knew of the iDevices' issues, Apple stated that its new iPhone would operate 70 percent faster than the prior model. Plaintiffs allege that testing conducted on an iPhone 7 demonstrates that after the necessary software updates are installed, all iDevices operate up to 40 percent slower. At the motion to dismiss stage, we must accept Plaintiffs' allegations as true. *See Moore v. Mars Petcare US, Inc.*, 966 F.3d 1007, 1016 (9th Cir. 2020) (citing *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 937 (9th Cir. 2008)).

The district court and majority conclude that because *all* iDevices were affected, Apple's comparative claim is still technically true and therefore not actionable. But the CLRA "prohibit[s] not only advertising which is false, but also advertising which, although true, is either actually misleading or which has a capacity, likelihood or tendency to deceive or confuse the public." *Williams*, 552 F.3d at 938 (quoting *Kasky v. Nike, Inc.*, 45 P.3d 243, 250 (Cal. 2002)); *Moore*, 966 F.3d at 1017. To determine whether advertising is likely to mislead the public, we use a "reasonable consumer" standard. *Williams*, 552 F.3d at 38; *Moore*, 966 F.3d

at 1017. California courts have repeatedly "recognized that whether a business practice is deceptive will usually be a question of fact not appropriate for decision" at the motion to dismiss stage. *Williams*, 552 F.3d at 938 (collecting cases).

In my view, whether a reasonable consumer would be deceived by Apple's specific and measurable statements about its iDevices' performance is a factual issue that should be decided by the trier of fact, not by this Court at the 12(b)(6) stage. I respectfully dissent in part.