NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 24 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARK WADE McCUNE,

        Appellant,

  v.

JOSEPHINE E. SALMON; ALDRIDGE
PITE LLP; WELLS FARGO BANK;
WELLS FARGO BANK, N.A., as Indenture
Trustee for GMACM Home Equity Loan
Trust 2004-HE1; DIANNE C. KERNS,

        Appellees.

No.   23-15294

D.C. No. 4:22-cv-00323-JCH

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
John Charles Hinderaker, District Judge, Presiding

Submitted March 17, 2025[**]

Before:    CANBY, R. NELSON, and FORREST, Circuit Judges.

Chapter 13 debtor Mark Wade McCune appeals pro se from the district

court's judgment affirming the bankruptcy court order dismissing his adversary

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  McCune's request for oral argument, set forth in the opening brief, is denied.

proceeding. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo the district court's decision on appeal from the bankruptcy court and apply the same standards of review applied by the district court. *In re Thorpe Insulation Co.*, 677 F.3d 869, 879 (9th Cir. 2012). We affirm.

The bankruptcy court properly dismissed McCune's adversary proceeding because McCune failed to allege facts sufficient to state any plausible claims. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" and conclusory allegations are not entitled to be assumed true (citation and internal quotation marks omitted)); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (courts are not required to accept as true allegations that "contradict matters properly subject to judicial notice or by exhibit"); *see also Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124-25 (9th Cir. 2009) (discussing heightened pleading standard under Rule 9(b), which applies to state law claims alleging fraudulent conduct).

We reject as unsupported by the record McCune's contention that the bankruptcy judge was biased against him.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending requests are denied.

**AFFIRMED.**