Philip R. MCNEIL, Plaintiff—
Appellant,

v.

VERISIGN, INC.; Icann, Internet Corporation For Assigned Names and Numbers; The Stanley Works, Defendants—Appellees.

No. 03-16946.

United States Court of Appeals,
Ninth Circuit.

Submitted March 17, 2005.*

Decided April 1, 2005.

Philip R. McNeil, Alberta, Canada, James E. Starnes, Esq., Savannah, GA, for Plaintiff–Appellant.

Andrea T. Vavonese, Verisign, Inc., Dulles, VA, Andrea T. Vavonese, Rivkin Radler LLP, Santa Rosa, CA, Brian J. Davis, Rivkin Radler LLP, Uniondale, NY, Jeffrey A. LeVee, Esq., Courtney M. Schaberg, Esq., Jones Day, Los Angeles, CA, Rebecca M. Biernat, Esq., Sedgwick Detert Moran & Arnold, San Francisco, CA, James H. Hulme, Esq., Arent Fox PLLC, Washington, DC, for Defendants–Appellees.

Before: THOMAS, FISHER, Circuit Judges, and ROBART, District Judge.**

MEMORANDUM ***

Philip R. McNeil appeals the district court's dismissal of his complaint against Internet Corporation For Assigned Names and Numbers ("ICANN") for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). We affirm the district court. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable Hon. James L. Robart, United States District Judge for the District of Western Washington, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

The district court correctly held that McNeil cannot assert a First Amendment claim against ICANN because ICANN, a non-profit public benefit corporation established by agencies of the United States government to administer the Internet domain name system, is not a government actor. *See Single Moms, Inc. v. Montana Power Co.,* 331 F.3d 743, 747 (9th Cir. 2003). For the same reason, we hold that McNeil failed to state a claim against ICANN under the Fifth Amendment. *See Geneva Towers Tenants Org. v. Federated Mortgage Investors,* 504 F.2d 483, 487 (9th Cir.1974) ("The Due Process Clause of the Fifth Amendment applies to and restricts only the federal government and not private persons."). Because he failed to state a claim against ICANN, McNeil has no cause of action on which to request declaratory or injunctive relief.

McNeil's contention that the district court erroneously dismissed his claims without permitting leave to amend is without merit because McNeil did not seek leave to amend his complaint against ICANN in the district court. *See Alaska v. United States,* 201 F.3d 1154, 1163–64 (9th Cir.2000).

AFFIRMED.