NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 4 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NICHOLAS PHIPPS WHITE, a California Resident,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>ANYWHERE REAL ESTATE INC., parent company of West Coast Escrow Company a domestic corporation; BANK OF AMERICA CORPORATION; FIDELITY NATIONAL FINANCIAL, INC.; MORGAN STANLEY SMITH BARNEY LLC; MERRILL LYNCH, named as Merrill Lynch, Pierce, Fenner and Smith Incorporated; DOES, 1-10 Inclusive,<br><br>Defendants - Appellees. | No. 23-4378<br><br>D.C. No. 2:22-cv-04557-GW-SK<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted March 26, 2025**
Pasadena, California

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: NGUYEN and MENDOZA, Circuit Judges, and KERNODLE, District Judge.***

Plaintiff-Appellant Nicholas Phipps White sued various real estate and financial institutions ("Defendants-Appellees") alleging that the United States issued him a check for $27.8 billion, the family of former attorney Thomas Girardi unlawfully deposited the funds into fraudulent accounts, and Defendants-Appellees used the money to fund a "stock-buy plan" and purchase various real properties, including "Spelling Manor" for $120 million. The district court described the allegations as "fantastical" and dismissed the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). We have jurisdiction under 28 U.S.C. § 1291 and review de novo. *Kahle v. Gonzales*, 487 F.3d 697, 699 (9th Cir. 2007). We affirm.

1.      White's claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO") is meritless. To state a civil RICO claim, White must allege facts showing: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as predicate acts) (5) causing injury to plaintiff's business or property." *Just Film, Inc. v. Buono*, 847 F.3d 1108, 1116 (9th Cir. 2017) (citation omitted). As the district court noted, White relies on conclusory statements

---

***      The Honorable Jeremy D. Kernodle, United States District Judge for the Eastern District of Texas, sitting by designation.

and vague, outlandish allegations before concluding that "the actions of [Appellees] . . . constitute[] a federal crime under 18 U.S.C. 1341, [] mail fraud." Although mail fraud may be a predicate act under RICO, White fails to allege the "who, what, when, where, and how of the misconduct charged." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)). His rambling allegations, moreover, fail to identify a "pattern of racketeering activity," which requires at least two predicate acts that are "related" and "amount to or pose a threat of continued criminal activity." *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 239 (1989).

2.    White's conversion claim also fails. "Conversion is the wrongful exercise of dominion over the property of another." *Mindys Cosmetics, Inc. v. Dakar*, 611 F.3d 590, 601 (9th Cir. 2010) (quoting *Oakdale Vill. Grp. v. Fong*, 50 Cal. App. 4th 539, 543 (1996)). "The elements of a conversion claim are (1) the plaintiff's ownership or right to possession of the property at the time of the conversion; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages." *Id.*; *see also G&G Prods. LLC v. Rusic*, 902 F.3d 940, 951 (9th Cir. 2018). White's complaint asserts only that Appellee Fidelity issued title insurance for certain property sales and that Appellee Anywhere Real Estate was involved in the close of escrow. The complaint nowhere alleges that Fidelity or Anywhere Real Estate converted or exercised control over White's

money or property. As for Appellee Bank of America, a bank may not be sued for conversion of funds deposited with the bank. *Crocker-Citizens Nat'l Bank v. Control Metals Corp.*, 566 F.2d 631, 637–38 (9th Cir. 1977), *abrogated on other grounds by Hollinger v. Titan Cap. Corp.*, 914 F.2d 1564 (9th Cir. 1990).

3.      White's complaint also fails to state a claim under California's Unfair Competition Law ("UCL"). The UCL prohibits "any unlawful, unfair or fraudulent business act or practice." CAL. BUS. & PROF. CODE § 17200. Although White's theory is unclear, the claim fails under any available theory. To the extent White is asserting that Appellees committed an "unlawful" act based on the predicate acts of his other causes of actions, the claim fails along with the other causes of action. To the extent White is asserting that Appellees committed an "unfair" business act or practice, the claim fails because he has not identified any such act or practice. Merely concluding, without pointing to any specific facts, that the actions of Appellees constituted unfair practices does not state a UCL claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

4.      White's petition for "declaratory and injunctive relief and constructive trust" is not an independent cause of action. *See Audette v. Int'l Longshoremen's & Warehousemen's Union*, 195 F.3d 1107, 1111 n.2 (9th Cir. 1999) (a cause of action for "declaratory judgment" "merely seeks relief rather than stating a claim"); *Lund*

4

*v. Albrecht*, 936 F.2d 459, 464 (9th Cir. 1991) ("[A] constructive trust is a remedial device, not a substantive claim on which to base recovery.").  And because White fails to state a viable cause of action, these requests for relief likewise fail.  *See McNeil v. Verisign, Inc.*, 127 F. App'x 913, 914 (9th Cir. 2005).

5.     To the extent White is attempting to appeal the dismissal of Fidelity for lack of personal jurisdiction, the argument is waived.  A brief reference to the issue at the conclusion of his brief does not suffice.  *See Christian Legal Soc. Chapter of Univ. of Cal. v. Wu*, 626 F.3d 483, 487 (9th Cir. 2010) (finding waiver where appellant made only "bare assertion[s] . . . with no supporting argument").

**AFFIRMED.**