NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 16 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

VEGETABLE JUICES, LLC,

Plaintiff - Appellant,

v.

HALIBURTON INTERNATIONAL
FOODS, INC.,

Defendant - Appellee.

No. 24-3595

D.C. No.
5:23-cv-01639-SPG-SHK

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Sherilyn Peace Garnett, District Judge, Presiding

Submitted May 12, 2025**
Pasadena, California

Before: IKUTA, R. NELSON, and LEE, Circuit Judges.

Vegetable Juices, LLC (Vegetable Juices) appeals from the district court's

order granting the motion of Haliburton International Foods, Inc. (Haliburton) to

dismiss Vegetable Juices' second amended complaint for failure to state a claim

under Rule 12(b)(6) and failure to plead fraud with particularity under Rule 9(b) of

the Federal Rules of Civil Procedure. We have jurisdiction over the district court's

final order pursuant to 28 U.S.C. § 1291 and review de novo dismissal of a

_____

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

complaint pursuant to Rule 12(b)(6) and Rule 9(b). *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009). We affirm.

The district court did not err in dismissing Vegetable Juices' claims of common law fraud; breach of the implied covenant of good faith and fair dealing; and violations of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200. As each claim was "grounded in fraud" or explicitly alleged to be based on fraudulent conduct, each was subject to the heightened pleading standard under Rule 9(b). *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105–06 (9th Cir. 2003).

Vegetable Juices failed to allege specific facts that allow "the court to draw the reasonable inference" that Haliburton's representations about the salability of the food products sent by Haliburton to Fortun Foods were false or misleading. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted); *see Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011). Vegetable Juices' references to a former Haliburton employee's counterclaims in separate litigation do not cure this defect. *See Iqbal*, 556 U.S. at 678; *Kearns*, 567 F.3d at 1126.

As all claims were based on the same course of conduct and insufficiently alleged the same falsities, the district court properly dismissed the second amended complaint. *See Vess*, 317 F.3d at 1103. Therefore, the district court did not err by

2                                                                                              24-3595

failing to analyze separately each of Vegetable Juices' claims under the Unfair Competition Law. *Kearns*, 567 F.3d at 1127.

**AFFIRMED.**